The HOPP PRESS, INC., Plaintiff-Appellant,

v.

JOSEPH FREEMAN & CO., Inc., Defendant-Appellee.

No. 4, Docket 27966.

United States Court of Appeals Second Circuit.

Argued Sept. 30, 1963.

Decided Oct. 22, 1963.

---

Haynes N. Johnson, New York City (David S. Kane and Kane, Dalsimer & Kane, New York City, on the brief), for plaintiff-appellant.

Arthur Baily, New York City, (Glasser, Baily & Litwack, New York City, on the brief), for defendant-appellee.

Before LUMBARD, Chief Judge, and FRIENDLY and SMITH, Circuit Judges.

J. JOSEPH SMITH, Circuit Judge.

This is an appeal from an order of the District Court for the Eastern District of New York, Jacob Mishler, Judge, denying a motion to adjudge the defendant guilty of contempt for violation of an injunction entered in a consent decree. The consent decree provided that the plaintiff's patent, No. 2,812,600, on a price tag display assembly, was valid between the parties, and that the defendant had infringed the patent by making and selling price tags nearly identical with the plaintiff's price tags. The consent decree enjoined the defendant from directly or contributorily infringing the plaintiff's patent. It also enjoined the defendant from copying, making, using, or selling any of the plaintiff's tags.

After the entry of the consent decree, the defendant continued to make and sell its price tags, which were modified only by the use of an "opaque" instead of a translucent ink and by a change of the type face of the numerals. The plaintiff contends that the changes were merely "colorable" and that the district court should have found the defendant guilty of contempt.

■■ The validity of the patent is not before the court, for the consent decree made that question *res judicata* for the purposes of this appeal. Desagnat et al. v. Dratler, 142 F.2d 845, 846 (2 Cir. 1944); Kiwi Coders Corp. v. Acro Tool & Die Works, 250 F.2d 562, 568 (7 Cir. 1957); Patton v. Stone, 178 F.2d 515, 517 (5 Cir.1949). It may be that consent to the decree was improvidently given, but the only issue which this court may determine is whether the district judge's declining to find the defendant guilty of civil contempt for violation of the injunction in the consent decree was clearly erroneous. We hold that the declination was clearly erroneous and remand for a finding of contempt.

Since the evidence in this case is entirely in the form of documents and physical exhibits, we have before us all the evidence the trial court considered to determine whether there has been a violation of the consent decree. The entire

evidence in this case leaves us with the definite and firm conviction that a mistake has been committed. See United States v. United States Gypsum Co., 333 U.S. 364, 395, 68 S.Ct. 525, 541, 92 L.Ed. 746 (1948). The plaintiff's price tag consists of numerals imprinted on a clear plastic tag with translucent black ink. The defendant's tag also consists of numerals imprinted on a clear plastic tag with black ink, which though termed "opaque," is as partly transparent as the plaintiff's. The only perceptible difference between the two tags is the shape of the numerals, a difference we deem to be only colorable. The defendant's tags perform substantially the same function in substantially the same way to accomplish the same result as the plaintiff's tags. See Graver Tank & Mfg. Co. v. Linde Air Products Co., 339 U.S. 605, 608, 70 S.Ct. 854, 856, 94 L.Ed. 1097 (1950). If the defendant's old tag infringed the plaintiff's patent, as it was adjudicated to have done, we are unable to see why the new tag, which is in every essential aspect equivalent, does not also infringe.

■ Even if the defendant were correct in his contention that there has actually been no infringement because he sold only a single component of a combination patent, and that the component was adapted to a variety of uses quite apart from insertion in the special display assembly of the plaintiff, a finding of contempt would still be in order. The plaintiff and defendant stipulated in the consent decree that the defendant had been guilty of contributory infringement; to this extent, the question of contributory infringement is foreclosed from our consideration. A defendant may be guilty of contempt for violation of the injunctive provisions of a consent decree even though it eventually is determined that the patent was not infringed. See Cassidy v. Puett Electrical Starting Gate Corp., 182 F.2d 604 (4 Cir.1950). Here it is abundantly clear that the defendant sold price tags substantially identical with the plaintiff's, which is enough to violate the broad terms of the consent decree regardless of the use to which the tags are put.

Reversed and remanded, to the district court for a finding of contempt and imposition of whatever sanctions are deemed appropriate.