Chris J. **BOTSOLAS**, Plaintiff,

v.

**SCHULTZ LABORATORIES** et al., Defendants.

No. 70–1266.

United States District Court, C. D. California.

Sept. 7, 1972.

Armstrong & Lloyd by Franklin T. Lloyd, Los Angeles, Cal., Morgan, Finnegan, Durham & Pine by Robert E. Paulson, Thomas M. Gibson, New York City, for plaintiff.

Robert L. Sassone, Santa Ana, Cal., for defendants.

## MEMORANDUM OF DECISION AFTER BIFURCATED TRIAL HOLDING DEFENDANTS IN CIVIL CONTEMPT (ISSUE AS TO AMOUNT OF DAMAGES TO BE DETERMINED LATER)

WHELAN, District Judge.

In this action plaintiff, Chris J. Botsolas, has moved the Court for an order adjudicating defendants to be in civil contempt of this Court for violation of an injunction which is a part of a consent judgment entered on November 30, 1970. Such consent judgment held that defendants had infringed plaintiff's patent in suit by making and selling pipefitting elbow covers covered by the patent and by inducing others to use defendants' pipefitting elbow covers. The trial on the issue of contempt was heard on April 28, 1972, and after the introduction of evidence and oral and written argument by counsel for the respective parties and the filing of posttrial memoranda the cause was submitted for decision.

In the above-mentioned consent judgment this Court pursuant to stipulation held that plaintiff's U. S. Letters Patent No. 3,495,629 is good and valid as between the parties to that suit. The Court enjoined defendants Schultz Laboratories and State Insulation Co., Inc. and their officers, directors, agents and employees, and defendants Roland Schultz and Charles Baur and others acting in concert or in participation with them from infringing and contributorily infringing such patent.

Plaintiff contends that defendants are presently making and selling an elbow cover for pipe that infringes plaintiff's patent in suit.

█ A federal court is empowered under 35 U.S.C. § 283 to grant injunctions to prevent the violation of any right secured by patent. Under 18 U.S. C. § 401 a federal court has the power to punish for contempt any person who violates one of its orders. In a contempt proceeding for the alleged violation of an order entered pursuant to a consent

decree enjoining further infringement of a patent, the validity of the patent is not in issue and the decree is not subject to attack. Siebring v. Hansen, 346 F.2d 474 (8th Cir. 1965) ; United States ex rel. Shell Oil Co. v. Barco Corporation, 430 F.2d 998 (8th Cir. 1970). This is based on the judicial principle of res judicata; a consent decree is a judicial act. Therefore, in the instant action no inquiry can be made into the validity of plaintiff's patent; the only issue for determination is whether or not defendants' present elbow cover infringes plaintiff's patented invention.

Claim 1 of plaintiff's patent in suit states: "A pipefitting for covering an elbow joint, formed from a flexible, resilient material as a single, integral structure in a first elongated, open-ended, trough-like shape, said structure adapted to be folded into a second shape which is substantially the same as that of the elbow joint to be covered." Defendants' present elbow cover is a one-piece pipefitting originally formed in an open position which assumes an elbow shape when the open ends are folded together. In addition to the above elements found present in both covers, defendants' pipefitting has lateral extensions which provide the assembled elbow cover with terminal projections and score lines on the elbow cover used for trimming off the lateral extensions at the time of installation (Schultz deposition, pp. 126–128).

■ Defendants' device is but a small improvement over plaintiff's invention. The addition of lateral extensions and score lines does not negate infringement because the improvements are merely added on to the basic features of plaintiff's valid patent. Neff Instrument Corp. v. Cohu Electronics, Inc., 298 F.2d 82 (9th Cir. 1961). Moreover, when defendants' elbow cover is trimmed by the score lines at installation it has a configuration substantially the same as that of defendants' first elbow cover, which was adjudged as infringing plaintiff's patent.

■ Defendants claim that polyvinyl chloride, the material of which their product is made, is superior to the material in plaintiff's product and is not resilient as required by the patent claim. Defendants' material is in fact resilient and flexible. However, plaintiff in his patent application gave polyvinyl chloride as an example of a material suitable for use in manufacturing his invention, citing its flexibility and resiliency. Additionally, polyvinyl chloride is the same material as that used in defendants' enjoined first elbow cover and thus the issue of variance of defendants' material from plaintiff's material has been decided adversely to defendants by the consent decree and is res judicata for purposes of the instant proceeding; further, on the evidence before the Court at the hearing it appears that plaintiff's material and defendants' present material are substantially the same.

■ Defendants allege that plaintiff's patent claims are limited by file wrapper estoppel and that defendants' product falls outside plaintiff's legitimate patent claims. The file wrapper estoppel doctrine limits an invention's patent claims by those claims made to and rejected by the patent office at the time the patent was approved. Hall v. Wright, 240 F.2d 787 (9th Cir. 1957). Before plaintiff's invention pipefitting elbows were covered by aluminum half section elbow covers or by spreading several layers of cement on the elbow by hand and then wrapping a fabric around the cement (Botsolas testimony introduced in written form). Installation of plaintiff's elbow cover is effected by placing the expanded portion of the trough of the outer convex portion of the elbow joint with the open ends extending transversely therefrom, folding the open ends around the pipe into an overlapping relationship around the inner concave portion of the elbow joint and stapling or taping the elbow joint into the closed elbow configuration (Botsolas written testimony). Plaintiff's invention allows for speedy installation by an unskilled worker. Additionally, vari-

ous manufacturing, shipping and storage advantages are gleaned from the original open configuration of the elbow cover. Therefore, plaintiff's invention is a significant improvement over the prior art.

 Defendants' elbow cover is substantially equivalent to plaintiff's patented elbow cover. Under the doctrine of equivalents a later-developed device will be regarded as the equivalent of the patented device if, although different in form or shape, it performs substantially the same function in substantially the same way to obtain the same result. Chemical Cleaning, Inc. v. Dow Chemical Company, 379 F.2d 294 (5th Cir. 1967). Defendants' second elbow cover is formed in a shape intermediate to the fully opened and closed first infringing cover. Defendants' second elbow cover and plaintiff's patented cover both perform the function of covering insulation around a pipefitting elbow, by folding from a first open shape to an elbow shape, and both avoid the prior art problems of using plural-piece elbow covers. Additionally, defendants' elbow cover has the same manufacturing, shipping and storage advantages of plaintiff's cover. Therefore, it is the opinion of this Court that defendants' elbow cover infringes plaintiff's patented invention and that defendants are in contempt of this Court's injunction issued pursuant to the consent decree. The only question remaining for determination is whether all of the defendants are bound by the instant action.

 All of the parties against whom contempt is sought were signatories to the consent judgment except Mesa Plastics Company, Inc. Roland Schultz, a signatory, is the founder of Mesa Plastics Company, Inc. and is presently a shareholder and officer of said company. Such company is owned by Schultz and Baur (Baur deposition p. 38). Under Rule 65(d) of the Federal Rules of Civil Procedure, an injunction is binding upon parties to the action, their officers, agents, servants, employees and attorneys and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise. Successors may be instrumentalities through which defendants seek to evade an order of the court. Regal Knitwear Co. v. National Labor Relations Board, 324 U.S. 9, 65 S.Ct. 478, 89 L.Ed. 661 (1945). Further, defendants' counsel at the taking of the Baur deposition stipulated that Mesa Plastics Company, Inc. is bound to the same extent as Schultz Laboratories might be. The Court finds and holds that Mesa Plastics Company, Inc. is such a successor. All other parties clearly fall within the proscriptions of Rule 65(d). Accordingly,

The Court rules that defendants to the instant action are in contempt of this Court's interlocutory injunction of November 30, 1970. No judgment shall be entered until after the determination of damages. The cause is now set for pretrial on October 30, 1972, at 10:00 A.M. on the issue of damages and the question of appointment of a master to hear evidence on such issue.

Plaintiff's counsel is directed forthwith to serve and lodge proposed findings of fact and conclusions of law not inconsistent herewith.