**CONGOLEUM INDUSTRIES, INC.**

v.

**ARMSTRONG CORK COMPANY,**
**Appellant.**

**Nos. 72–1510, 74–1366**

United States Court of Appeals,
Third Circuit.

Argued Jan. 6, 1975.

Decided Feb. 10, 1975.

As Amended Feb. 25, 1975.

Certiorari Denied May 27, 1975.

See 95 S.Ct. 1991.

Edward W. Mullinix, Philadelphia, Pa., W. Brown Morton, Jr., Malcolm L. Sutherland, Washington, D. C., Sanford M. Litvack, New York City, for appellant; Schnader, Harrison, Segal & Lewis, Philadelphia, Pa., Morton, Bernard, Brown, Roberts & Sutherland, Washington, D. C., Donovan, Leisure, Newton & Irvine, New York City, George L. Herr, Theodore L. Thomas, Lancaster, Pa., of counsel.

Lewis H. Van Dusen, Jr., Philadelphia, Pa., Eben M. Graves, New York City, for appellee; Patrick T. Ryan, Drinker, Biddle & Reath, Philadelphia, Pa., Joseph D. Garon, Allan H. Bonnell, Bradley B. Geist, Brumbaugh, Graves, Donohue & Raymond, Michael M. Maney, Lawrence W. Nelson, Sullivan & Cromwell, New York City, Ralph M. Jerskey, Richard T. Laughlin, Congoleum Industries, Inc., Kearny, N. J., of counsel.

Before ALDISERT, WEIS and GARTH, Circuit Judges.

## OPINION OF THE COURT

ALDISERT, Circuit Judge.

This appeal caps a protracted litigation of more than eight years duration for the infringement of Congoleum's patents for chemically embossing floor coverings. Appellant Armstrong Cork Company, long the dominant firm in the floor covering industry, urges a broadside attack on the proceedings in the district court. After careful consideration of the contentions raised by brief and oral argument, we affirm the meticulous [1] find-

---

1. By way of example, we note in passing that Judge Hannum prepared a paper shortly after trial on the infringement issue, called an interim memorandum, in which he set forth his

ings and conclusions of District Judge John B. Hannum. 339 F.Supp. 1036 (E.D.Pa.1972) and 366 F.Supp. 220 (E.D. Pa.1973).

The product here at stake is of great commercial interest. For years, the register or exact coincidence of colored design with embossed patterns had been desired for both the visual accent accomplished thereby and the proven commercial demand therefor. Until Congoleum's technological breakthrough represented in its patents, the goal was economically impractical. Since the advent of chemical embossing, however, the floor covering industry has been revitalized.[2]

Before discussing the specific issues raised on appeal, we deem it helpful to recite briefly the history of these proceedings in this court and the district court. Congoleum filed its complaint on December 20, 1966, the day the patent office granted the process and product patents. After elaborate discovery and trial, Judge Hannum found the Congoleum patents valid and the Armstrong process and product infringing. Congoleum Industries, Inc. v. Armstrong Cork Co., 339 F.Supp. 1036 (E.D.Pa.1972). Armstrong filed a notice of appeal, but then successfully sought a remand to the district court for the sole purpose of determining whether the record should be reopened to allow additional evidence. No. 72–1510 (3d Cir., Dec. 13, 1972). The district court denied Armstrong's motion for a new trial. Civil No. 41,762 (E.D. Pa., Aug. 16, 1973). The record was then retransmitted to this court; the appeal was not prosecuted, but we amended our earlier order *nunc pro tunc* to retain jurisdiction. No. 72–1510 (3d Cir.,

Sept. 24, 1973). Meanwhile, pursuant to an agreement among counsel and the court below, trial was had on the reserved issue of whether Congoleum had vitiated its patent rights by misuse. *See* Tr. of Oral Arg., Jan. 6, 1975, at 36. The district court also found against appellant on these questions. 366 F.Supp. 220 (E.D.Pa.1973). Based on its prior decisions, the district court entered judgment final except for accounting on April 5, 1974. This appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1292(a)(4).

Armstrong argues that the district court committed various errors that may be categorized as relating to: (1) the infringement issue, (2) procedural rulings limiting discovery and the presentation of evidence, (3) the misuse issue, and (4) the breadth of the injunction.

At oral argument, counsel for appellant represented that its principal proposition for reversal was that, in determining the infringement issue, the district court had proceeded on an erroneous premise, *viz.*, if Congoleum succeeded in showing that there was a difference in the amount of blowing agent in the land and mortar areas of the Armstrong product, the burden of showing that the cause of that difference was other than that involved in the Congoleum process would shift to Armstrong. *See* Tr. of Oral Arg., Jan. 6, 1975, at 14–15. Subsumed in this argument was the contention that one of two Armstrong theories for the difference in residual blowing agent—both relating to the possible internal effects of the uniformly applied external heat—was compatible with noninfringement. *Ibid.* at 17–18. Our ex-

---

understandings of all the scientific facts and data. This memorandum was circulated to each of the parties for comments before preparation of his Findings of Fact. Tr. of Oral Arg., Jan. 6, 1975, at 25.

2. An example of chemically embossed floor covering is the simulated brick pattern found in many kitchens today. The vinyl sheet exposed to the chemical embossing process contains a "blowing agent" which will foam when heated. Selected portions of the sheet

are printed with an "inhibitor" which alters the decomposition temperature of the blowing agent so that they become raised or lowered with respect to the rest of the sheet after application of heat. Usually, the inhibitor is incorporated in one of the inks used to print the overall design on the sheet. Apparently deriving from bricklaying terminology, the portions of the embossed product are referred to in the trade as "land" (raised) and "mortar" (depressed) areas.

amination of the record in this case reveals that the district court considered and rejected both of Armstrong's claimed alternative theories for the difference in residual blowing agent. 339 F.Supp. at 1048. With this background, we now inspect the district court rulings in light of the appropriate standards for an appellate court.

On review, we may not upset the district court's findings of fact, which served as the underpinnings for its determinations on the infringement issue, unless we find them to have been clearly erroneous. Grove v. First National Bank, 489 F.2d 512, 515 (3d Cir. 1974) (per curiam); Krasnov v. Dinan, 465 F.2d 1298, 1302 (3d Cir. 1972). Applying this principle to the evidence before the fact finder we cannot construe these particular findings as clearly erroneous.[3] Nor are we able to say that the district court erred in applying the proper legal principles to the infringement issue. Therefore, the decision of the district court on the two basic questions, that Congoleum's patents were valid and that Armstrong's process and product infringed those patents, will be affirmed. See 339 F.Supp. 1036.

We have also reviewed the district court's rulings regarding the various procedural aspects of which Armstrong complains. We conclude that the district court did not err in the exercise of its judicial discretion by limiting discovery and the presentation of evidence.

As to the merits of the misuse issue, we fail to find an error in the application of appropriate legal principles and

accordingly will affirm that decision of the district court. See 366 F.Supp. 220.

Finally, as regards the formulation of injunctive relief, we hold that the district court did not err in applying the appropriate principles of specificity embodied in Rule 65, F.R.Civ.P.

The judgment of the district court will be affirmed.

---

3. The controversy whether the standard of appellate review of non-jury fact determinations should differ where credibility of witnesses is not an issue need not detain us. Cf. 9 C. Wright & A. Miller, Federal Practice and Procedure § 2587 (1971). Compare Butler v. Colfelt, 439 F.2d 882, 884 (3d Cir. 1971) (per curiam) ("We need not . . . pursue to its ultimate refinement the interesting distinction in the application of the 'clearly erroneous' doctrine under Rule 52(a) . . . between cases where the fact-finder deals with demeanor evidence and those involving only documentary or recorded evidence or whether the findings of the district court are entitled, at the least, to some consideration." (foot-

notes omitted) ), with Demirjian v. Commissioner of Internal Revenue, 457 F.2d 1, 4 (3d Cir. 1972); Consolidated Sun Ray, Inc. v. Lea, 401 F.2d 650, 659 n.34 (3d Cir. 1968), cert. denied, 393 U.S. 1050, 89 S.Ct. 688, 21 L.Ed.2d 692 (1969); United States v. United Steelworkers, 271 F.2d 676, 685 (3d Cir.), aff'd, 361 U.S. 39, 80 S.Ct. 1, 4 L.Ed.2d 12 (1959); In re Kellett Aircraft Corp., 186 F.2d 197, 200 (3d Cir. 1950). Our ultimate determination on this point incorporates the conclusion that the findings here were not erroneous under either the clearly erroneous standard articulated in Grove and Krasnov or a standard of de novo review.