**WALLACE CLARK & COMPANY, INC.,**
Plaintiff,

v.

**ACHESON INDUSTRIES, INC.,**
Defendant.

No. 74 Civ. 2812.

United States District Court,
S. D. New York.

July 21, 1975.

Hopgood, Calimafde, Kalil, Blaustein & Lieberman, New York City, for plaintiff; Paul H. Blaustein, New York City, of counsel.

Pennie & Edmonds, New York City, James G. Foley, New York City, Harness, Dickey & Pierce, Birmingham, Mich., for defendant; Michael Dinnin, Jr., Birmingham, Mich., of counsel.

## OPINION

EDWARD WEINFELD, District Judge.

Plaintiff, Wallace Clark & Company, Inc. ("Wallace Clark"), moves (1) for

reconsideration and clarification of the court's opinion of April 28, 1975, denying plaintiff's motion for summary judgment and holding that a prior consent decree between the parties adjudicating the validity of the defendant's patent and its infringement by plaintiff's product, Meta-Tef 530, is to be accorded res judicata effect; (2) for leave to appeal the adjudicated order pursuant ot 28 U.S.C., section 1292(b); (3) to dismiss the second counterclaim of the defendant, Acheson Industries, Inc. ("Acheson"); and (4) for summary judgment upon its second cause of action.

### 1.

The court's holding is precise and requires no clarification. The holding that "the consent decree entered in the prior action between the parties is to be accorded res judicata effect with respect to the adjudication of (1) the validity of the patent, and (2) infringement of the patent by plaintiff's product Meta-Tef 530" does not foreclose, as the opinion specifies, "plaintiff from asserting non-infringement of defendant's patent by other products manufactured by it, which products were not the subject of the prior consent decree." The motion for reconsideration and clarification is denied.

### 2.

■ As to plaintiff's motion for leave to appeal from the aforesaid order pursuant to 28 U.S.C., section 1292(b), it is true, as this court acknowledged, that its holding on a controlling question of law is at variance with that of other courts. It is evident that an immediate appeal may materially advance the ultimate determination of this litigation. However, the court is of the view that in the circumstances of this case, it is preferable to facilitate an appeal by certification under Rule 54(b) of the Federal Rules of Civil Procedure as to the third count of the complaint, which challenges the validity of the patent.[1] Given the court's earlier opinion, there is no just reason for delay in the entry of judgment in favor of defendant, since plaintiff is barred by the doctrine of res judicata from contesting the issue of validity. The court's ruling precludes plaintiff from raising any factual or legal issue as to the validity of the patent in the remaining counts of the complaint. The court therefore directs entry of judgment in defendant's favor as to the third count of the complaint pursuant to Rule 54(b).

### 3.

Under its second counterclaim, defendant alleges that plaintiff is in contempt of the consent decree entered into between the parties on October 6, 1972, which adjudicated the validity of the defendant's patent and its infringement by plaintiff's manufacture, use and sale of its product Meta-Tef 530. As part of the settlement of the earlier lawsuit, the parties entered into a licensing agreement which the decree notes in dismissing the action. The plaintiff made royalty payments until January 1, 1974, when it discontinued making them. This action followed, in which it contends that it "has the right to and has cancelled said license agreement."

■■ The defendant's second counterclaim reiterates the allegations of its first counterclaim that plaintiff has breached their contract and alleges that this breach constitutes a contempt of the consent decree. Civil contempt is for the remedial purpose of compelling obedience to an order of the court for the purpose of enforcing another party's rights.[2] In the usual patent case, the

1. *See Gumer v. Shearson, Hammill & Co.,* 516 F.2d 283 (2d Cir. 1974).

2. *Shillitani v. United States,* 384 U.S. 364, 368, 86 S.Ct. 1531, 16 L.Ed.2d 622 (1966); *Gompers v. Buck's Stove & Range Co.,* 221 U.S. 418, 449, 31 S.Ct. 492, 55 L.Ed. 797 (1911); *International Business Machines Corp. v. United States,* 493 F.2d 112, 115 (2d Cir. 1973), *cert. denied,* 416 U.S. 995, 94 S.Ct. 2409, 40 L.Ed.2d 774 (1974).

consent decree upon which it is sought to hold the alleged infringer in contempt contains an express injunction against any further infringement of the patent.[3] Here, however, the consent decree did not enjoin plaintiff from infringing defendant's patent by the manufacture, use and sale of its product Meta-Tef 530. It simply stated that "the plaintiff having taken a license under defendant's" patent, the action was dismissed. It contains no injunction whatsoever. A breach of the license agreement does not constitute contempt of court absent an injunctive provision for its compliance. Thus, whether the license agreement is in effect or has been terminated, plaintiff cannot be held in contempt of the consent decree since there is no outstanding court order directed to plaintiff.[4]

Plaintiff's motion to dismiss the defendant's second counterclaim is therefore granted.

### 4.

■ Finally, plaintiff moves for summary judgment on its second cause of action, alleging that the provisions of the licensing agreement constitute a patent misuse. It relies upon two provisions in the license agreement that the licensee (plaintiff) may not terminate the agreement prior to the patent's expiration on March 21, 1978. Plaintiff contends that the combination of these provisions and the minimum royalty clause extinguishes the right of a licensee under *Lear, Inc. v. Adkins*[5] to avoid royalty payments by proving that the patent is invalid.[6] It urges, without citing supporting authority, that this is a patent misuse.

■ The licensing agreement was entered into more than three years after *Lear* was decided. The effect of *Lear* was to render unenforceable any license agreement provision that attempts to prevent the licensee from contesting the validity of the patent as a defense to an action by the licensor to enforce the license agreement.[7] Thus defendant could not resuscitate licensee estoppel by this or any other language. The plaintiff concedes that a minimum royalty provision is not per se illegal, but urges that the combination of it and the clause barring cancellation of the license until expiration of the patent "in effect amounts to an estoppel to challenge validity."

While it is true that under this court's ruling the consent decree is to be accorded res judicata effect as to the issues of validity and infringement, the provisions of the license agreement, qua agreement,

---

3. *See, e. g., American St. Gobain Corp. v. Armstrong Glass Co.*, 434 F.2d 1216 (6th Cir. 1970); *Crane Boom Life Guard Co. v. Saf-T-Boom Corp.*, 362 F.2d 317 (8th Cir. 1966), *cert. denied*, 386 U.S. 908, 87 S.Ct. 853, 17 L.Ed.2d 782 (1967); *Siebring v. Hansen*, 346 F.2d 474 (8th Cir. 1965), *cert. denied*, 382 U.S. 943, 86 S.Ct. 400, 15 L.Ed.2d 352 (1967); *Hopp Press, Inc. v. Joseph Freeman & Co.*, 323 F.2d 636 (2d Cir. 1963); *Botsolas v. Schultz Lab.*, 351 F.Supp. 188 (C.D.Cal. 1972). *See also Union Tool Co. v. Wilson*, 259 U.S. 107, 42 S.Ct. 427, 66 L.Ed. 848 (1922).

4. *See* 18 U.S.C. § 401(3); *In re LaMarre*, 494 F.2d 753 (6th Cir. 1974).

5. 395 U.S. 653, 89 S.Ct. 1902, 23 L.Ed.2d 610 (1969).

6. As to the royalty provision, the Supreme Court has noted: "It is generally the rule that licensees may avoid further royalty payments, regardless of the provisions of their contract, once a third party proves the patent is invalid." *Lear, Inc. v. Adkins*, 395 U.S. 653, 667, 89 S.Ct. 1902, 1909, 23 L.Ed.2d 610 (1969). *See also Troxel Mfg. Co. v. Schwinn Bicycle Co.*, 465 F.2d 1253, 1255 (6th Cir. 1972), and 489 F.2d 968 (6th Cir. 1973), *cert. denied*, 416 U.S. 939, 94 S.Ct. 1942, 40 L.Ed.2d 290 (1974); *Drackett Chem. Co. v. Chamberlain Co.*, 63 F.2d 853, 855 (6th Cir. 1933); 4 Deller's Walker on Patents § 404 (2d ed. 1965). *But see Scherr v. Difco Labs, Inc.*, 401 F.2d 443 (6th Cir. 1968).

7. *Bendix Corp. v. Balax, Inc.*, 471 F.2d 149 (7th Cir. 1972), *cert. denied*, 414 U.S. 819, 94 S.Ct. 43, 38 L.Ed.2d 51 (1973); *Panther Pumps & Equip. Co. v. Hydrocraft, Inc.*, 468 F.2d 225, 231 (7th Cir. 1972), *cert. denied*, 411 U.S. 965, 93 S.Ct. 2143, 36 L.Ed.2d 685 (1973); *Massillon-Cleveland-Akron Sign Co. v. Golden State Adv't Co.*, 444 F.2d 425, 427 (9th Cir.), *cert. denied*, 404 U.S. 873, 92 S.Ct. 100, 30 L.Ed.2d 117 (1971).

**640**

would not preclude plaintiff from contesting the validity of the patent, as opposed to restricting plaintiff from unilaterally cancelling the agreement during its existence. Those contractual provisions by themselves do not and could not destroy the force of *Lear*. As this court noted in its prior opinion, the parties were represented by the same experienced lawyers who now represent them when the license agreement was entered into as part of the settlement which included the consent decree. They were, of course, familiar with *Lear* and its holding, and it is difficult to impute to them the intent to do a futile act.

Even if it were assumed that the license agreement seeks to prevent plaintiff from challenging the patent's validity, the inclusion therein of this unenforceable provision does not constitute patent misuse.[8]

Plaintiff's motion for summary judgment as to its second cause of action alleging patent misuse is denied.

---

8. *Bendix Corp. v. Balax, Inc.*, 471 F.2d 149, 157–58 (7th Cir. 1972), *cert. denied*, 414 U.S. 819, 94 S.Ct. 43, 38 L.Ed.2d 51 (1973) ; *Panther Pumps & Equip. Co. v. Hydrocraft, Inc.*, 468 F.2d 225, 230–32 (7th Cir. 1972), *cert. denied*, 411 U.S. 965, 93 S.Ct. 2143, 36 L.Ed.2d 685 (1973) ; *Congoleum Indus., Inc. v. Armstrong Cork Co.*, 366 F.Supp. 220, 232–34 (E.D.Pa.1973), *aff'd*, 510 F.2d 334, 336 (3d Cir. 1975) ; *Blohm & Voss A. G. v. Prudential-Grace Lines, Inc.*, 346 F.Supp. 1116 (D.Md.1972), *rev'd on other grounds*, 489 F.2d 231 (4th Cir. 1973), *cert. denied*, 419 U.S. 840, 95 S.Ct. 70, 42 L.Ed.2d 67 (1974).