318 So.2d 559 (1975)
Rosa Morgan HOSKING, Appellant,
v.
Bruce William HOSKING, Appellee.
No. 74-1449.
District Court of Appeal of Florida, Second District.
September 5, 1975.
*560 A.J. Melkus, Law Office of Clifford J. Schott, Lakeland, for appellant.
Clinton A. Curtis of Woolfolk, Myers, Curtis, Craig & Crews, Lake Wales, for appellee.
SCHEB, Judge.
In a suit for dissolution of marriage the trial court awarded custody of a child of tender years to the father. The mother appeals contending the trial court erred in:
(1) Considering a social investigator's report on the issue of custody without first making such report available to the parties; and
(2) Awarding custody of their child to the father despite a finding that she was a fit and proper person to have custody.
Finding no reversible error, we affirm.
The appellant (mother) and appellee (father) each sought custody of their son who was born in August, 1972. After hearing testimony of the parties and with consent of counsel, the trial judge ordered the court's social investigator to make a report and recommendations on the question of custody of the parties' son. Although filed with the court, it is true that the report was neither introduced into evidence, nor made available to counsel for the parties. It was, however, considered by the trial judge before he entered the final judgment awarding custody, and filed at the same time as the final judgment.
As noted, the social investigator's report was prepared with the consent of counsel for the parties. Moreover, the record reveals *561 no objection was made to its review by the trial judge.
Appellant moved below for a rehearing, merely reciting broadly that the court erred in awarding custody to the father. In argument on the motion, appellant's counsel indicated that the father may have unduly influenced the social investigator, whereupon the trial judge indicated a willingness to hear any evidence which might be offered on this point, but none was proffered. In a motion for rehearing the movant must state with particularity the grounds therefor. RCP 1.100(b). Appellant's motion did not assign any specific errors on the part of the court as to the report; therefore, the contention that she was not permitted to refute or question the social investigator's report is not available to her on appeal. It is fundamental that an appellate court will review only those questions timely presented and ruled upon in the trial court. Beaty v. Beaty, Fla. App.2d 1965, 177 So.2d 54. Thus we find no reversible error in the court's consideration of the social investigator's report.
For the benefit of the Bench and Bar we take the occasion, however, to reiterate that absent consent of the parties, the rule set out by this court in McGuire v. McGuire, Fla.App.2d 1962, 140 So.2d 354, requires a social investigator's report concerning custody to be made a part of the record, and upon timely demand to be made available for the review of the parties. This rule has been followed by our sister court in In re Brown, Fla.App.3d 1971, 246 So.2d 166. While we do not view the practice of using these reports with the degree of concern expressed by Judge Owen in his recent dissent in Green v. Green, Fla.App.4th 1975, 307 So.2d 246, nevertheless, absent the handling of the report on a consensual basis, due process of law requires that the parties to a custody action be apprised of all of the evidence and considerations brought before the trial judge before the court arrives at a judgment in such a controversy.
We dispose of the appellant's second point by noting that Fla. Stat. § 61.13(2) directs that the father and mother shall be afforded equal consideration in matters of custody, and that there was substantial competent evidence to support the award of custody to the father, notwithstanding the court's finding that the father and mother were "fit and proper persons" to have custody. Here the trial court simply concluded from the evidence that the father would offer a more stable home environment for the child. The cases in Florida are legion holding that it is, after all, the welfare of the child which is the paramount consideration of the court. The determination of matters involving custody of children is an area of which a trial judge is vested with very broad discretion. Apropos is the following language by our Supreme Court in Grant v. Corbitt, Fla. 1957, 95 So.2d 25:
But this court cannot, in any type of case, overturn the decision of a Chancellor made in the exercise of his judicial discretion in the absence of a clear showing of an abuse thereof; and, in a child custody case, the opportunity of the Chancellor to observe the demeanor and personalities of the parties and their witnesses and to feel forces, powers and influences that cannot be discerned by merely reading the record, assumes a new importance because of the many intangibles that must be evaluated in deciding the delicate question of child custody.
Accordingly, the judgment of the trial court is affirmed.
McNULTY, C.J., and BOARDMAN, J., concur.