384 So.2d 1304 (1980)
Lois FEINBERG, Appellant,
v.
Arthur I. FEINBERG, Appellee.
No. 80-298.
District Court of Appeal of Florida, Fourth District.
June 4, 1980.
Rehearing Denied July 17, 1980.
Neil M. Nameroff, Miami, for appellant.
Harry A. Gaines, Miami, and Arnold R. Ginsberg, of Horton, Perse & Ginsberg, Miami, for appellee.

ON MOTION TO DISMISS
BERANEK, Judge.
This is an appeal from a final judgment dissolving the marriage between the parties. The wife is the appellant and the husband has moved to dismiss the appeal contending it is not timely.
The final judgment was entered by the trial judge on November 15, 1979. Thereafter, wife's counsel filed a motion for enlargement of time for filing Motion for New Trial. In this motion it was stated that counsel needed additional time because he had been too busy to prepare the motion for new trial. The motion for enlargement of time did not constitute an actual motion for new trial or for rehearing in any respect. The certificate of service on the motion did not contain a date. On November 27, 1979, the trial court granted the motion for extension of time and, afterward, wife's counsel filed a motion for new trial which was denied by order of January 21, 1980. Wife's counsel filed a notice of appeal on February 12, 1980.
*1305 Appeal now asserts by motion to dismiss that the appeal is untimely because the notice was not filed within 30 days of the final judgment of November 15, 1979. Appellee contends the motion to enlarge time and order granting same was ineffective in view of the provisions of Rule of Civil Procedure 1.090(b). We agree and grant the motion to dismiss the appeal.
Florida Rule of Civil Procedure 1.090(b) provides as follows:
Enlargement. When an act is required or allowed to be done at or within a specified time by order of court, by these rules or by notice given thereunder, for cause shown the court at any time in its discretion (1) with or without notice, [may] order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) upon motion made and notice after the expiration of the specified period, may permit the act to be done when failure to act was the result of excusable neglect but it may not extend the time for making a motion for new trial, motion for rehearing or motion to alter or amend a judgment or a motion for relief from a judgment under Rule 1.540(b) or for taking an appeal or filing petition for certiorari or for making a motion for a directed verdict. (Emphasis supplied.)
The rule specifically prohibits the trial court from extending the time for the making of a motion for new trial or rehearing. Appellant has suggested no reason why these clear provisions should not be enforced. The purpose of the rule is to promote the finality of a court's judgment and to bring litigation to a conclusion.
We find that the trial court erred in failing to comply with the rule by granting the motion to extend the time. Although we would prefer to determine all cases on the merits, the rule is clear and requires dismissal.
This is not a situation where a timely motion for new trial has been made and subsequently amended beyond the initial ten-day limitation.[1] We conclude that the final judgment was rendered on November 15, 1979, and that the proceedings thereafter did not toll the time for taking an appeal.[2] The appeal instituted by notice filed February 12, 1980, is thus dismissed.
APPEAL DISMISSED.
ANSTEAD and HERSEY, JJ., concur.
NOTES
[1] See Florida Rule of Civil Procedure 1.530(b).
[2] We do not determine the timeliness of the motion for extension of time nor do we condone the filing of a document in clear violation of the rule requiring a dated certificate of service.