PER CURIAM.
This is an interlocutory appeal from an order denying a motion to vacate a final judgment filed pursuant to Rule of Civil Procedure 1.540(b). Final judgment was entered in a dissolution of marriage proceeding on November 15,1979. An untimely motion for new trial was filed, along with an unauthorized motion to extend the time for the filing of the motion. In a prior decision, this court dismissed an appeal from the final judgment due to the untimeliness of the motion for new trial and an unauthorized order extending the time for the filing of the post-trial motion. Feinberg v. Feinberg, 384 So.2d 1304 (Fla. 4th DCA 1980). After the appeal was dismissed, appellant/wife filed a motion pursuant to Rule of Civil Procedure 1.540(b) asserting that the failure to file a timely motion for new trial was the result of mistake, inadvertence or excusable neglect. The motion requested reissuance of the final judgment with a fresh date so that an appeal could be taken. The trial court denied the motion and the present appeal results.
This is not a situation as presented in Gibson v. Buice, 381 So.2d 349 (Fla. 5th DCA 1980), where a party was not notified of the entry of a final judgment.[1] Under *518 such circumstances, courts have allowed a party to be relieved of the effect of the judgment to the extent of reissuing the judgment to allow the timely filing of an appeal. In Woldarsky v. Woldarsky, 243 So.2d 629 (Fla. 1st DCA 1971), similar relief was granted, but it- was carefully pointed out that the “inadvertence” upon which vacation of the final judgment was based was the rendition of the judgment without notice or knowledge of the party. In the present situation, the issue was simply whether appellant’s counsel demonstrated that his failure to file a timely motion for new trial was the result of his own excusable neglect. Resort to the prior Feinberg opinion discloses that the reason for the untimely appeal was the filing of a prohibited motion to extend the time for the filing of the motion for new trial. This was the mistake which eventually resulted in a late notice of appeal. The trial court here concluded, on the basis of conflicting facts and argument that counsel’s conduct was not the result of his own excusable neglect. We cannot fault the trial court in this conclusion and the order appealed from is thus affirmed.
AFFIRMED.
BERANEK and HERSEY, JJ., concur.
ANSTEAD, J., dissents with opinion.

. We do not adopt the holding of Gibson v. Buice, 381 So.2d 349 (Fla. 5th DCA 1980) but merely conclude it is inapplicable to the case *518 now under consideration. We note the Gibson opinion does not comment upon the effect of Rule of Civil Procedure 1.080(h)(3).