462 So.2d 1168 (1984)
CLARA P. DIAMOND, INC., a Florida Corporation, Appellant,
v.
TAM-BAY REALTY, INC., a Florida Corporation, Appellee.
No. 84-1876.
District Court of Appeal of Florida, Second District.
December 19, 1984.
Carl A. Bertoch of Bertoch & Mann, P.A., Tallahassee, and T. Whitney Strickland, Jr., Tallahassee, for appellant.
Howard L. Killian, Tampa, for appellee.

ON MOTION TO DISMISS
GRIMES, Acting Chief Judge.
Summary judgment for appellee was entered on December 22, 1983. On January 3, 1984, appellant filed a motion to enlarge the period of time for filing a motion for rehearing, alleging that its attorney had not received a copy of the summary judgment until December 28, 1983. On January 3, 1984, the court entered an order extending the time within which to file a motion for rehearing until January 9, 1984. Appellant filed a motion for rehearing on January 9, 1984. The motion for rehearing was denied on July 18, 1984. Appellant filed a notice of appeal from the summary judgment on August 16, 1984. Appellee now moves to dismiss the appeal as untimely on the ground that the motion for rehearing was ineffective because it was not filed within ten days of the rendition of summary judgment.
Florida Rule of Appellate Procedure 9.020(g) provides that the filing of a timely motion for rehearing shall postpone rendition of an order until its disposition. Florida Rule of Civil Procedure 1.530(b) specifies that a motion for rehearing shall be served not later than ten days after the entry of judgment in a nonjury action. Florida Rule of Civil Procedure 1.090(b) states:
(b) Enlargement. When an act is required or allowed to be done at or within a specified time by order of court, by these rules or by notice given thereunder, for cause shown the court at any time in its discretion (1) with or without notice, [may] order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) upon motion made and notice after the expiration of the specified period, may permit the act to be done when failure to act was the result of excusable neglect but it may not extend the time for making a motion for new trial, motion for rehearing or motion to alter or amend a judgment or a motion for relief from a judgment under Rule 1.540(b) or for taking *1169 an appeal or filing petition for certiorari or for making a motion for a directed verdict.
Since appellant filed its motion for enlargement before the expiration of the prescribed ten-day period, the question arises whether the limitation upon extending the time for making a motion for rehearing which appears near the end of the rule refers to subsection (1) as well as subsection (2). Appellee suggests that since the rule consists of only a single sentence, the limitation appearing at the end of the sentence necessarily applies to the whole sentence. On the other hand, the rule is easily susceptible to the construction that the limitation only applies to subsection (2) because of the absence of a semicolon after the words "excusable neglect."
Our sister court in Feinberg v. Feinberg, 384 So.2d 1304 (Fla. 4th DCA 1980), had occasion to address this very point. Without considering the ambiguity created by the lack of a semicolon, the court read rule 1.090(b) to specifically prohibit the trial court from extending the time for filing a motion for new trial or rehearing even prior to the expiration of the period originally prescribed. The court reasoned that the limitation was designed to promote finality. Left unsaid was the counterargument that there is less need to impose the limitation on subsection (1), because only a motion filed under subsection (2) can lead to setting aside an order retroactively.
Appellee refers to an editorial note to rule 1.090, formerly rule 1.6(b), found in 30, 31 Florida Statutes Annotated 53 (The Harrison Company 1980 rev.), which quotes from Massey and Westen, Seventh Survey of Florida Law; Civil Procedure, 20 U. Miami L.Rev. 594, 606 (1966), as follows:
"As a general rule, when an act is required or allowed to be done within a specified time, the court, for good cause shown, has discretionary power to enlarge the period for performance. If the request therefor is made before the expiration of the prescribed period, the extension may be granted with or without notice, but if the motion for an extension is made after the prescribed period, notice must be given to the other parties and an extension may be granted if failure to act was the result of excusable neglect.
"However, the newly amended Rule 1.6(b) has expanded the areas in which the court is without power to grant an extension of time to include motions to alter or amend judgments under Rule 2.8(g), as amended, and for relief from judgments under Rule 1.38(b). The exception to the court's discretionary power to extend time is also applicable under Rule 3.16, as amended, to petitions for a rehearing on motion of the parties, and to orders for a rehearing when the court is acting sua sponte. These exceptions, of course, are in addition to those previously contained in Rule 1.6(b), and which are still retained  specifically, a court may not extend the time for making a motion for a new trial, or for taking an appeal, or for making a motion for a directed verdict. As amended, Florida Rule 1.6(b) is now substantively identical with Federal Rule 6(b), with the exception that time cannot be extended under the Florida rule for a motion non obstante veredicto."
Rule 1.6(b) referred to by the authors, though otherwise identical to the present rule 1.090(b), did contain a semicolon after the words "excusable neglect." When the rules of civil procedure were recodified in 1968, the semicolon was omitted from rule 1.090(b).
One might argue that by omitting the semicolon the rules committee intended for the limitation to apply only to subsection (2). However, it is more likely that the committee inadvertently dropped the semicolon, thereby making ambiguous a rule which had up to that time clearly precluded enlargements of time to file the enumerated motions. Florida Rule of Criminal Procedure 3.050, pertaining to enlargements of time, is similar to rule 1.090(b) except that it contains a semicolon after the words "excusable neglect." There is little reason to believe that the committee intended a *1170 different rule for civil practice. See H. Trawick, Florida Practice and Procedure § 26-1 (1983 ed.). See also Cross References under rule 1.530 found in 30, 31 Florida Statutes Annotated 549 (The Harrison Company 1980 rev.), which states: "Extension of time for filing motion prohibited, Rule 1.090."
Rule 1.090(b) as written was sufficiently ambiguous to place the burden upon appellant to make sure that an extension could properly be granted. The language of the rule was at least susceptible to the Feinberg interpretation, and as the only appellate decision on the subject, Feinberg represented the law of the state. Chapman v. Pinellas County, 423 So.2d 578 (Fla. 2d DCA 1982). Therefore, appellant cannot complain that it was misled. We do, however, recommend that the civil rules committee consider the addition of a semicolon to rule 1.090(b) so as to remove any doubt.
The enlargement of time for appellant to file a motion for rehearing was unauthorized. Thus, the motion for rehearing was untimely filed and could not toll the time for filing an appeal from the summary judgment. Accordingly, the appeal is dismissed as untimely filed.
SCHEB and SCHOONOVER, JJ., concur.