**Ernest R. ZERMAN, Plaintiff,**

v.

**Harry A. JACOBS, Jr., individually, and H. Virgil Sherrill, individually and Bache Halsey Stuart Shields Incorporated, Defendants.**

No. 80 Civ. 3570.

United States District Court,
S.D. New York.

July 2, 1986.

See also, 2d Cir., 814 F.2d 107.

Ernest R. Zerman, Hallandale, Fla., pro se.

Sullivan & Cromwell, New York City, for defendants.

EDWARD WEINFELD, District Judge.

■ Plaintiff Ernest R. Zerman, a member of the New Jersey bar, moves more than three years after the entry of this Court's judgment against him, which was affirmed on appeal, to vacate that judgment pursuant to Fed.R.Civ.P. 60(b) upon the ground of newly discovered evidence. Plaintiff's motion is utterly without substance and frivolous. The Third Circuit's decision in *Angelastro v. Prudential-Bache Securities, Inc.*, 764 F.2d 939 (3rd Cir.1985), upon which he bases his motion, is not newly discovered evidence. The motion is denied.

■ Defendants cross-move to hold plaintiff in civil contempt. Judge Motley's opinion in *Zerman v. Bache, Halsey, Stuart, Shields, Inc.*, 83 Civ. 7980 (S.D.N.Y.1984) [Available on WESTLAW, DCTU database], *aff'd mem.*, 755 F.2d 915 (2d Cir.), *cert. denied,* — U.S. ——, 106 S.Ct. 135, 88 L.Ed.2d 111 (1985), summarizes the course of this litigation in considerable detail. *See* Straus Aff., Exh. 2. Judge Motley's opinion concludes:

> After reviewing a record replete with every form of appeal imaginable, this court concurs with Judge Weinfeld's view and defendants' contention that many of plaintiff's actions have been frivolous, vexatious, without legal merit, and taken for the purpose of delaying compliance with the judgment entered against him on March 7, 1983. Such litigation unnecessarily has burdened the judicial system and has proven costly to

the defendants as well. Accordingly, this court will enter an order pursuant to this opinion, barring plaintiff from relitigating or attempting to relitigate in any federal court any of the claims, causes of action, or legal issues that have been litigated already in the instant proceeding.

Zerman's motion to vacate this Court's judgment clearly flies in the face of the injunction and stands in utter disregard of the Court's order.

"A district court has the inherent power to hold a party in civil contempt upon clear and convincing proof of noncompliance with a court order." *N.A. Sales Co. v. Chapman Indus. Corp.*, 736 F.2d 854, 857 (2d Cir.1984); *see also EEOC v. Local 638*, 753 F.2d 1172, 1178 (2d Cir.), *cert. granted*, — U.S. —, 106 S.Ct. 58, 88 L.Ed.2d 47 (1985). The order that allegedly has been violated must be specific and definite. *See United States v. Charmer Indus., Inc.*, 722 F.2d 1073, 1079 (2d Cir.1983); *UFI Razor Blades v. District 65, Wholesale, Retail, Office & Processing Union*, 610 F.2d 1018, 1024 (2d Cir.1979); *see also Town of Islip v. Eastern Air Lines, Inc.*, 793 F.2d 79, 83 (2d Cir.1986).

There can be no doubt that this burden has been met. Judge Motley's order specifically barred Zerman from relitigating or attempting to relitigate his claims in any federal court. Despite this clear and unambiguous prohibition, Zerman flouted Judge Motley's order by making a second frivolous motion to vacate this Court's judgment. Zerman has failed to pay the judgment entered against him in 1983 and has persisted in a personal vendetta against the defendants aimed at wearing them down and clogging the courts, despite repeated warnings from this Court and the Court of Appeals and Judge Motley's order.

A penalty for civil contempt can be designed either to compel future compliance with an order or to compensate the complainant for injuries. *See In re Dickinson*, 763 F.2d 84, 87 (2d Cir.1985); *In re Weiss*, 703 F.2d 653, 660–62 (2d Cir.1983); *Perfect*

*Fit Indus., Inc. v. Acme Quilting Co.*, 646 F.2d 800, 810 (2d Cir.1981); *International Business Machines Corp. v. United States*, 493 F.2d 112, 115 (2d Cir.1973), *cert. denied*, 416 U.S. 995, 94 S.Ct. 2409, 40 L.Ed.2d 774 (1974); *Wallace Clark & Co. v. Acheson Indus., Inc.*, 401 F.Supp. 637, 638 (S.D.N.Y.1975).

The court "has broad discretion to fashion an appropriate coercive remedy in a case of civil contempt, based on the nature of the harm and the probable effect of alternative sanctions." *N.A. Sales Co. v. Chapman Indus. Corp.*, 736 F.2d 854, 857 (2d Cir.1984); *see also Vuitton et Fils S.A. v. Carousel Handbags*, 592 F.2d 126, 130 (2d Cir.1979). "Several factors should be considered in the exercise of this discretion, including the 'character and magnitude of the harm threatened by continued contumacy, ... the probable effectiveness of any suggested sanction in bringing about [compliance],' and the 'amount of [the contemnor's] financial resources and the consequent seriousness of the burden to [him].'" *Perfect Fit Indus. v. Acme Quilting Co.*, 673 F.2d 53, 57 (2d Cir.1982) (quoting *United States v. UMW*, 330 U.S. 258, 304, 67 S.Ct. 677, 91 L.Ed. 884 (1947)), *cert. denied*, 459 U.S. 832, 103 S.Ct. 73, 74 L.Ed.2d 71 (1982); *see also International Business Machines Corp. v. United States*, 493 F.2d 112, 116 (2d Cir.1973), *cert. denied*, 416 U.S. 995, 94 S.Ct. 2409, 40 L.Ed.2d 774 (1974).

Upon the hearing of this motion, Zerman was afforded an opportunity by the Court to present testimony or evidence showing why an order of contempt should not be entered against him. Zerman chose not to avail himself of this opportunity, instead arguing only about the alleged merits of his motion to vacate this Court's judgment and about the alleged unconstitutionality of Judge Motley's injunction.

Zerman has been permanently enjoined from relitigating these issues and has been taxed double costs by the Court of Appeals on both appeals taken in the instant litigation. In its order denying Zerman's first motion to vacate this Court's judgment,

this Court said that Zerman "clearly has embarked upon a course of harassing litigation" and directed Zerman's attention to the Court's power to impose sanctions under Fed.R.Civ.P. 11. *See Zerman v. Jacobs et al.,* 80 Civ. 3570, unpublished order (S.D. N.Y. Mar. 31, 1984). Zerman nevertheless chooses to continue his vindictive and willful campaign of harassment. As an attorney, he clearly is aware of the nature of his contumacious conduct.

The time has come to stop Zerman from repeatedly relitigating his frivolous claims and from willfully flouting the Court's warnings and order. Accordingly, in an effort to insure that Zerman will no longer disregard the order of the Court and will cease to drag the defendants into Court on claims that were long ago adjudicated in their favor, the Court imposes on Zerman a fine of $2,500.00 to be paid to the Clerk of the United States District Court for the Southern District of New York on or before July 11, 1986. Pursuant to Rule 43(c) of the Civil Rules of the United States District Court for the Southern and Eastern Districts of New York, if Zerman fails to pay the fine on or before July 11, 1986, the United States Marshal is directed to arrest and confine Zerman in an appropriate federal correction center until such time as he pays the fine. In no event shall Zerman be confined for a period in excess of six months. *Cf. Fox v. Capital Co.,* 299 U.S. 105, 57 S.Ct. 57, 81 L.Ed. 67 (1936); *United States ex rel. Sutton v. Mulcahy,* 169 F.2d 94 (2d Cir.1948).

In addition, Zerman is directed to pay to Sullivan and Cromwell, counsel for defendants, the sum of $2,500.00 as the reasonable costs and expenses incurred in connection with this motion. *See* Local Civil Rule 43(a); *see also N.A. Sales Co. v. Chapman Indus. Corp.,* 736 F.2d 854, 858 (2d Cir. 1984); *Sunbeam Corp. v. Golden Rule Appliance Co.,* 252 F.2d 467, 470–71 (2d Cir. 1958); *People's Hous. Dev. Corp. v. City of Poughkeepsie,* 425 F.Supp. 482, 495 (S.D.N. Y.1976). *Cf. Tedeschi v. Smith Barney, Harris Upham & Co.,* 579 F.Supp. 657 (S.D.N.Y.1984), *aff'd,* 757 F.2d 465 (2d Cir.),

*cert. denied,* —— U.S. ——, 106 S.Ct. 147, 88 L.Ed.2d 122 (1985).

So ordered.