LEVY, Judge.
Hyster Company [“Hyster”] appeals the trial court’s order of relief vacating the Final Summary Judgment that had been entered in favor of Hyster and against the plaintiff, Marcos Morales, in Morales’s personal injury action.
Marcos Morales brought suit in May of 1989 for an injury to his hand he alleged was caused by one of Hyster’s industrial trucks. The injury occurred on December 1, 1986.
On January 17, 1990, a hearing was held on Hyster’s motion for summary judgment. At the hearing, Hyster argued that Morales’s cause of action was extinguished by the 12-year statute of repose, because the truck was manufactured and delivered in 1964. Hyster further argued that, although the statute of repose was repealed in 1986, the repeal was intended to be applied prospectively and did not extinguish Hyster’s right to immunity from liability. The trial court granted Hyster’s motion for summary judgment. The trial court’s Final Summary Judgment was filed on January 19, 1990.
On January 30, 1990, 11 days after the trial court filed its Final Summary Judgment, Morales filed a Motion for Rehearing and/or to Strike Final Summary Judgment. The ten-day period in which to file such a motion, under Florida Rule of Civil Procedure 1.530, expired on January 29, 1990. Hyster filed a motion to strike Morales’s motion for rehearing and argued that Morales’s motion was untimely because it was not served within the ten-day period provided by Rule 1.530. On February 27, 1990, the trial court held hearings on the parties’ motions and denied Morales’s motion for rehearing pursuant to Rule 1.530. During these hearings, the trial court, however, entertained Morales’s oral motion for relief from judgment on the basis of Florida Rule of Civil Procedure 1.540(b)(2) where Morales argued the existence of newly discovered evidence in the form of a recent appellate decision. Finding that a recent appellate court decision constituted newly discovered evidence, the trial court granted Morales’s motion to strike the Final Summary Judgment and ordered the cause to proceed to trial on the merits. We reverse.
Hyster appeals the trial court’s granting of Morales’s oral motion for relief. Morales filed his Motion for Rehearing And/Or To Strike Final Summary Judgment on January 30, 1990, which was 11 days after the trial court filed its Final Summary Judgment. On that date, the trial court no longer had jurisdiction to entertain such a motion. Pursuant to Rule 1.530, Morales was required to file his motion for a rehearing no later than January 29, 1990.
With respect to Morales’s oral motion for relief from the Final Summary Judgment pursuant to Rule 1.540(b)(2), the trial court erred in finding that a recent appellate court decision constituted newly discovered evidence. See State v. Kurns, 397 So.2d 463 (Fla. 2nd DCA 1981); Zerman v. Jacobs, 113 F.R.D. 13 (S.D.N.Y.1986) (court held recent appellate court decision not newly discovered evidence and could not support motion to vacate judgment on that basis). The finding of a new appellate court decision does not meet the criteria of Rule 1.540(b)(2). Compare Snook v. Firestone Tire and Rubber Co., 485 So.2d 496 (Fla. 5th DCA 1986) (jury foreperson’s letter alleging jury considered improper evidence constitutes newly discovered evidence); and Kline v. Belco, Ltd., 480 So.2d 126 (Fla. 3d DCA 1985) (wage and tax statements supporting injured person’s testimony regarding employment constituted newly discovered evidence), review denied 491 So.2d 278 (Fla.1986).
Accordingly, the order granting Morales’ Motion for Relief From Judgment, purportedly entered pursuant to Rule 1.540(b)(2), is reversed with this cause being remanded for further proceedings consistent herewith.
Reversed and remanded.