669 So.2d 1126 (1996)
Joy C. CATSICAS, Appellant,
v.
Paul A. CATSICAS, Appellee.
No. 95-1542.
District Court of Appeal of Florida, Fourth District.
March 20, 1996.
*1127 Michelle C. Burke Schoeppl of Moore & Menkhaus, P.A., Boca Raton, for appellant.
Sheldon T. Slatkin of Heston & Slatkin, P.A., Coral Springs, for appellee.
GROSS, Judge.
This is an appeal from an order granting rehearing of a final judgment. The motion for rehearing was untimely under the Rules of Civil Procedure. We reverse because the trial court was without authority to consider the motion.
In the proceedings below, former husband petitioned for a modification of child support. Former wife counterpetitioned for changes in alimony and other relief. A final judgment concerning the modifications was filed with the clerk on February 8, 1995. On February 13, 1995, former husband filed a pro se motion to extend the time for filing a motion for rehearing. Former husband never sought a ruling from the court on the motion. On March 13, 1995, an attorney appearing for the former husband filed a motion for rehearing. After former wife moved to strike the March motion as untimely, former husband sought to retitle and reclassify the February motion as a motion for rehearing, so it could be amended pursuant to Florida Rule of Civil Procedure 1.530(b). A successor judge granted the motion for rehearing. Former wife appeals.
On its face, the February motion was a motion to extend the time for filing a motion for rehearing. It was titled "Petitioner/Former Husband's Motion to Extend Required Period of Time For Filing Motion of [sic] Rehearing". Former husband requested an "extention [sic] to obtain legal advice." The relief sought was "an order extending the time required to file [former husband's] motion of [sic] rehearing to thirty-days (30 days)." Although several sentences criticize the final judgment in general terms, the February motion lacks the pleading specificity required in a motion for rehearing. See Hosking v. Hosking, 318 So.2d 559, 561 (Fla. 2d DCA 1975); Fla.R.Civ.P. 1.100(b). Former husband's attempt to recast the February motion for extension as one for rehearing is creative but futile. Calling a cat a dog will not make it bark.
A motion for rehearing must "be served not later than 10 days after ... the filing of the judgment in a non-jury action." Fla.R.Civ.P. 1.530(b). A trial court may not extend the time for making a motion for rehearing. Feinberg v. Feinberg, 384 So.2d 1304, 1305 (Fla. 4th DCA 1980), review denied, 419 So.2d 1197 (Fla.1982); Clara P. Diamond, Inc. v. Tam-Bay Realty, Inc., 462 So.2d 1168 (Fla. 2d DCA 1984); Fla.R.Civ.P. 1.090(b). Because the March motion for rehearing was untimely, the trial court was *1128 without jurisdiction to grant it. See Meyer v. Meyer, 525 So.2d 462 (Fla. 4th DCA), review denied, 536 So.2d 244 (Fla.1988); Hyster Co. v. Morales, 591 So.2d 1082 (Fla. 3d DCA 1991).
We reverse the trial court's order granting rehearing, reinstate the final judgment filed on February 8, 1995 and remand to the trial court.
DELL and STONE, JJ., concur.