PER CURIAM.
 

 We affirm the trial court’s order denying relief under Florida Rule of Civil Procedure 1.540.
 

 Attorney Lynne Larkin sued appellee Anthony Pedicini and others for defama
 
 *686
 
 tion. Larkin was represented by two attorneys. Also, Larkin filed a notice of appearance as co-counsel.
 

 The circuit court granted Pedicini’s motion for final summary judgment in an order filed with the clerk on December 30, 2008. Larkin did not receive a copy of the order from her attorneys until January 12, 2009. She filed an untimely motion for rehearing on January 14, 2009, See Fla. R. Civ. P. 1.530(b). The trial court denied the motion the next day. Larkin filed a notice of appeal on February 16, 2009; this court granted Pedicini’s motion to dismiss the appeal as untimely.
 

 Next, Larkin moved under Florida Rule of Civil Procedure 1.540 for relief from judgment, seeking to have the court issue a new final judgment that she could appeal. At the hearing on the motion, Lar-kin argued that her lateness in filing both the motion for rehearing and the notice of appeal was the result of excusable neglect, which was the failure of her attorneys to timely provide her a copy of the final judgment. The trial judge denied the I.540 motion, observing that when Larkin received the order denying her motion for rehearing she had “at least two weeks” to file a timely notice of appeal.
 

 The trial judge did not abuse his discretion in denying the rule 1.540 motion.
 
 See J.J.K. Int’l, Inc. v. Shivbaran,
 
 985 So.2d 66, 68 (Fla. 4th DCA 2008).
 

 “Rule 1.540 is designed for the correction of clerical mistakes and to provide a mechanism for relief from judgments, decrees, orders and proceedings under certain articulated and limited circumstances. It is not a substitute for a timely appeal.”
 
 Beal Bank, S.S.B., Inc. v. Sherwin,
 
 829 So.2d 961, 962 (Fla. 4th DCA 2002) (citations omitted).
 

 Contrary to Larkin’s argument, the trial court did not commit a clerical mistake in not mailing the final judgment to Larkin in addition to her attorneys. Although rule 1.080(h)(1) requires a conformed copy of a judgment to be transmitted to “parties,” that rule is read in conjunction with rule 1.080(b), which provides that “[w]hen service is required or permitted to be made upon a party represented by an attorney, service shall be made upon the attorney unless service upon the party is ordered by the court.” Fla. R. Civ. P. 1.080, Committee Notes, 1972 Amendment.
 

 Nor does this case demonstrate “excusable neglect” under rule 1.540(b)(1). As the trial judge observed, from the date Larkin received the final judgment, she had over two weeks to file a timely notice of appeal. The mistake which eventually resulted in the late notice of appeal was the filing of an untimely motion for rehearing in the trial court. In
 
 Feinberg v. Feinberg,
 
 410 So.2d 517, 518 (Fla. 4th DCA 1981), we held that this very circumstance did not justify relief under rule 1.540.
 
 See also David M. Dresdner, M.D., P.A. v. Charter Oak Fire Ins. Co.,
 
 972 So.2d 275, 281 (Fla. 2d DCA 2008) (finding that the trial court erred when it granted Dresdner’s 1.540(b) motion, vacated its earlier judgment, and reentered judgment “without any substantive change,” but with later date, because “series of events that led to the late filing of Dr. Dresdner’s first notice of appeal originated in the office of his appellate counsel”).
 

 Affirmed.
 

 GROSS, C.J., STEVENSON and TAYLOR, JJ., concur.