ISAAC MUNGIN and ERNEST BRYANT, *Plaintiffs in Error,* v. STATE OF FLORIDA, *Defendant in Error.*

147 So. 577.

Opinion filed April 3, 1933.

George M. Okell, for Plaintiffs in Error;

Cary D. Landis, Attorney General, and Roy Campbell, Assistant, for the State.

ELLIS, J.—The plaintiffs in error with Joe James were tried upon an information charging robbery while armed with dangerous weapons, with intent if resisted by the person robbed to kill or maim him. Sec. 7157 C. G. L. 1927.

Joe James was acquitted, but Mungin and Bryant were convicted and they seek a reversal of the judgment on writ of error. The property alleged to have been taken was six five-gallon jugs of whiskey, and the person robbed was alleged to be John D. Watson. All were persons of color. The robbery was alleged to have occurred in Watson's house at about twelve-fifteen o'clock on the night of April 23, 1932, in Miami, Florida. The value of the property was alleged to be sixty dollars.

There is no objection to the information. The question discussed in the brief of counsel for the plaintiffs in error are the sufficiency of the evidence to sustain the charge,

the sufficiency of the identification of the two defendants convicted, the correctness of an instruction given by the court to the jury and the propriety of the act of the County Solicitor in announcing to the court, the jury being present, that because a witness called by the State had surprised the Solicitor in her testimony it became necessary for him to "impeach her."

None of the questions however are presented by the record. The motion for a new trial is not evidenced by a bill of exceptions, and although the motion is incorporated in the record proper it is not duly authenticated. See Branch v. State, 96 Fla. 307, 118 South. Rep. 13.

No objection was made to the declaration of the County Solicitor as to the necessity which had arisen requiring him to impeach his own witness and there is no error in the charge of which complaint is made. It was merely an instruction as to a rule for the weighing of evidence left optional for the jury to apply. It was unnecessary but we cannot say it was harmful.

As to the fourth assignment, which rests upon a complaint that the County Solicitor wrongfully announced to the court that he had been taken by surprise because of the testimony of a witness named Bessie Miles called by him and who testified differently from what she had told the Solicitor a few moments before concerning the persons who brought certain whiskey to her house, and that he therefore would "have to impeach her," we find in the first place that no objection was made by defendants' attorney to the statement, no motion to strike it from the record, no objection to calling the so-called impeaching witness, and no objection to his testimony. So far as the point is involved it has therefore not been preserved. We perceive no error in the transaction however so grave as to require the court

*sua sponte* to reverse the judgment. The witness had proved to be adverse in that her testimony, if true, tended to exculpate the two defendants and to show that the principal prosecuting witness, John Watson, had falsely testified as to the alleged robbery. This on the theory that the whiskey found in the room of Bessie Miles was the same which was alleged to have been taken from Watson. The Solicitor asserted that she had misled him in that matter. In such case previous contradictory statements of the State's witness are admissible for impeachment. See Bryan v. State, 45 Fla. 8, 34 South. Rep. 243; Sylvester v. State, 46 Fla. 166, 35 South. Rep. 142.

In any case the matter is largely within the discretion of the trial court. Williams v. Dickenson, 28 Fla. 90, 9 South. Rep. 847.

The requirements of the statute were complied with by the Solicitor who mentioned to the witness the circumstance of the supposed statement sufficient to designate the particular occasion and she was asked whether she made such statement. See Sec. 4377 C. G. L. 1927.

On the question of the sufficiency of the evidence to support the verdict, the propriety of this Court passing upon it without the presence in the bill of exceptions of a motion for a new trial attacking the sufficiency of the evidence duly incorporated in the bill of exceptions, was questioned as early in 1854 in the case of Pons v. Hart, 5 Fla. 457.

There has been no departure from that rule which in that case rested upon the constitutional power of the court as one of appellate jurisdiction. The defendants submit the question of the sufficiency of the evidence to the arbitrament of the jury and take their chance of a decision in their favor, but, said the court in the case cited, they are

not confined to that course, for if the jury finds against them they may apply for a new trial. This gives the trial court an opportunity for specifically expressing his opinion upon the matter and if the trial court decides adversely to them they may present that decision to the appellate court. To pursue a different course and dump into this Court a stenographer's report of the evidence in the form of questions and answers without obtaining even a certifi-. cate of the trial judge that such report of the evidence is essential to an intelligent consideration of it by this Court, is merely an attempt to create of the appellate court one of original jurisdiction in violation of the Constitution. It is merely an attempt to submit the weight and sufficiency of the evidence to the appellate court that its judgment may be obtained upon it.

The rule has been announced and now obtains in this jurisdiction that in the absence of an exception to an order refusing a new trial, the sufficiency of the evidence is not properly presented to the Supreme Court. Phillips v. State,. 62 Fla. 77, 57 South Rep. 341; Johnson v. State, 53 Fla. 42, 43 South. Rep. 430; St. Andrews Bay Lumber Co. v. Bernard, 106 Fla. 232, 143 South. Rep. 159.

The reason for the rule is that the appellate court sits. in review of the *rulings* of *the trial judge* and not directly upon the findings of the jury. The trial judge must have an opportunity to set aside the erroneous finding. If he having such an opportunity declines to set aside the erroneous finding and exception is duly taken then the appellate court reviews the trial court's ruling and if found to be erroneous commands the grant of a new trial.

The record proper contains copies of motions for a new. trial, but those motions are under no certificate of the judge. that they were presented to him and filed in the Clerk's.

office. There is an order in the record that a motion for a new trial came on to be heard, but no statement that the motion for a new trial which came on to be heard was the same as that copied in the transcript, nor does the order refer to them or identify them.

This omission was not overcome by writing into the transcript, apparently in the bill of exceptions, a statement that the motions for a new trial were made and they appear in "full in Clerk's Transcript at pages 7, 8, 9 and 10, together with the order of the court thereon" etc.

On the margin of the page where the above statement is made appears in the handwriting of the Clerk's deputy the following words: "This part of the transcript is not part of the bill of exceptions signed by Judge E. C. Collins." Signed, George F. McCall, Clerk, by J. F. McCracken, D. C.

It is not at all clear that the above interpolation in the bill of exceptions was with either the knowledge or consent of the judge, on the other hand it appears by the definite certificate of the Clerk by his deputy that it did not constitute a part of the bill of exceptions as signed by the judge. The purpose which such interpolation was designed to serve was that the motions for a new trial copied in the record proper should thus appear by certificate of the judge to be duly identified and authenticated by him as the motions presented to and considered by him and thus meet the requirements of Chapter 12019, Laws 1927, as interpreted by this Court in the Branch case, *supra*.

We abstain from the criticism which such condition of the transcript merits upon the ground that it does not affirmatively appear that the attorney for the plaintiffs in error caused the interpolation to be made.

We are precluded by the state of the record from considering the evidence in the case as the same is exhibited by

316

the bill of exceptions and therefore decline to reverse the jury's finding because this Court has no power to do so and nowhere in the record does it appear that the Court committed reversible error.

The judgment is affirmed.

TERRELL, BROWN and BUFORD, J. J., concur.

DAVIS, C. J., and WHITFIELD, J., concur in the affirmance.