283 So.2d 58 (1973)
STATE of Florida, Appellant,
v.
Walter Wentworth YOUNG, Appellee.
No. Q-473.
District Court of Appeal of Florida, First District.
September 6, 1973.
Rehearing Denied October 8, 1973.
Robert L. Shevin, Atty. Gen. and Donald K. Rudser, Asst. Atty. Gen., for appellant.
Louis O. Frost, Jr., Public Defender, Ronald B. Cosgrove and James O. Brecher, Asst. Public Defenders, for appellee.
MELVIN, WOODROW M., Sr., Associate Judge.
The appeal by the State of Florida brings for review the order of the trial *59 court that granted a new trial to the defendant. The defendant was charged with the offense of robbery and the jury found him to be guilty of the offense of attempted robbery. The basis for the order granting the new trial was alleged prejudicial questions asked by the prosecuting attorney to the defendant relating to the subject of his prior convictions of crime.
The record reveals that during the course of cross-examination of the defendant the prosecuting attorney asked of the defendant if he had ever been convicted of a crime. In answer to that question, the defendant replied that he had. The prosecuting attorney then asked him, "How many times?", to which the defendant replied, "Once.". The defense counsel objected to any further questioning on this subject upon the basis that the prosecutor had a "rap sheet" and that sheet would not be competent evidence of the commission of prior crimes. No other reference was made to the alleged "rap sheet". It was the stated position of the prosecuting attorney that it was permissible for the State to refresh the defendant's memory as to any previous convictions and the Court permitted the State to continue such lines of questioning. Thereupon, the record reveals that the defendant was asked:
"Q. And you have previously testified it was one time?
"A. (No response)
"Q. Do you recall having been convicted in 1960 of the crime of robbery?
"A. That's what I was pleading guilty to.
"Q. All right, do you recall being convicted in 1963, February of 1963, of the crime of escape?
"A. Correct.
"Q. And do you recall having been convicted in December of 1963 of another escape?
"A. Sir, that's only one escape. That other one under Criminal Procedure Rule Number 1, I went back to court because I was tried without counsel.
"Q. Well, I'm just trying to refresh your memory. Do you recall these convictions?
"A. Well, there is only one conviction.
"Q. Were you convicted on the crime of escape?
"A. Sure.
"Q. And were you convicted of the crime of robbery?
"A. Sure.
"Q. Well, isn't that two convictions?
"A. Well, I'm thinking about one because I wasn't thinking about the escape charge.
"Q. I see. Well, how many escape charges were you convicted of.
"A. One.
"Q. And one robbery?
"A. One robbery."
On further cross-examination, the defendant testified that he thought that a conviction for a crime was something that, "I had committed on the streets." The victim in the case here reviewed was in the streets of Jacksonville, when his constitutional rights to security of his person and property were grossly violated by the defendant.
It was the view and judgment of the trial court that prejudicial error was visited upon the defendant by the ruling of the Court in permitting the State to inquire of the defendant with reference to the number of times he had been convicted of offenses and inquiring as to the specific offenses, after the defendant had proclaimed that he had been convicted of but one previous offense.
When a witness testifies that he has been convicted of a crime only one *60 time, it is appropriate for the State to refresh the memory of the witness as to his other conviction records. The witness thus has the opportunity to correct his testimony, or to deny such other convictions. Such line of inquiry is material to the extent that, in the judgment of the jury, it may have a bearing upon the credit that the jury would extend to the testimony of the witness.
In the case Williams v. State, 238 So.2d 137, 139 (1 Fla.App. 1970), this Court held:
"The law seems to be well-settled that a party testifying whether as a witness in his own behalf or otherwise, may be questioned about the number of his convictions of other crimes for the purpose of affecting his credibility."
See also, Section 90.08, Florida Statutes, F.S.A., and Robinson v. State, 254 So.2d 379, 380 (3 Fla.App. 1971).
In any prosecution there are, of course, two parties involved; the State of Florida as the plaintiff and the person accused of crime as the defendant. They each stand before the Bar of Justice upon level ground. The defendant is entitled to a fair and an impartial trial. By the same token, the State of Florida, representing its citizenry, is likewise entitled to a fair and impartial trial. Neither the State of Florida nor any defendant may, within reason, expect to receive a perfect trial in any tribunal in which mortals preside. In nearly every adversary proceeding, some technical error may be found. Unless error reaches to and affects in a prejudicial manner the rights of a party to a fair and impartial trial, such error is harmless and does not infect the validity of the proceedings.
One of the stated purposes of those who put together the fabric of the Constitution of the United States was to "establish justice" and insure "domestic tranquility". [Emphasis supplied.] Such noble purposes were not reserved just to those accused of crime. They spread as a mantle of protection for the citizenry in general.
The evidence as to the guilt of this defendant is abundant. The learned trial judge was in error in vacating the verdict of the jury upon the technical error relied upon by the defendant.
The order setting aside the verdict and granting to the defendant a new trial is vacated and this cause is reversed with directions to reinstate the verdict and dispose of the cause in accord with the law.
Reversed and remanded.
JOHNSON, Acting C.J., and SPECTOR, J., concur.