350 So.2d 552 (1977)
John L. THORPE, Appellant,
v.
STATE of Florida, Appellee.
No. EE-289.
District Court of Appeal of Florida, First District.
October 7, 1977.
*553 Larkin & Kattman, Jacksonville, for appellant.
Robert L. Shevin, Atty. Gen., and A.S. Johnston, Asst. Atty. Gen., Tallahassee, for appellee.
SMITH, Judge.
Thorpe appeals from a judgment of conviction and 30-year sentence for possession of a firearm by a convicted felon. The court imposed an extended term of imprisonment pursuant to Section 775.084, Florida Statutes (1975).
Thorpe complains of the trial court's exclusion from evidence of testimony by Thorpe's employer that he never observed Thorpe in possession of a firearm before March 13, 1976, the date of Thorpe's alleged offense. Thorpe's defense was that he was the victim of a holdup attempt, that he wrested the weapon from the robber, and that he was pursuing the fleeing robber with the pistol in hand when he was apprehended. The proffered evidence of Thorpe's prior conduct concerning weapons was inadmissible on the charge made. Dodson v. State, 334 So.2d 305 (Fla. 1st DCA 1976).
Thorpe complains also of his cross-examination by the prosecutor, for impeachment purposes, concerning prior convictions. Thorpe's counsel had stipulated to his prior conviction of manslaughter, a felony which the information charged as a predicate for prosecution under Section 790.23, Florida Statutes (1975). On cross-examination, when Thorpe admitted one conviction only, the prosecutor elicited Thorpe's testimony that he had been convicted of manslaughter, then inquired:
Q. Do you remember being convicted of resisting a police officer without violence [on October 11, 1972]?
A. Right.
Q. Does that refresh your recollection?
A. Yes, sir.
Q. Do you remember on that same date being convicted of possession of heroin?
A. No.
Q. You don't remember being sentenced on that?
A. Nope.
After consulting Thorpe, his counsel made a motion for mistrial on the ground the prosecutor's inquiry concerning a heroin conviction was unfounded in fact and was prejudicial. The trial court denied that motion and refused to instruct the jury "that he has not been convicted of a heroin charge," stating:
"The Court's testimony is not going to be put before the Jury. I don't know, if the State wants to make an issue of it, they have got to get a certified copy and proceed further. I don't know what they intend to do."
The prosecutor stood silent during this colloquy. The State's rebuttal included no evidence of a heroin conviction. At the charge conference Thorpe's counsel again asked the court to "make some comment as to the heroin charge to clear up any misconception the Jury has." The prosecutor again stood silent and the court again denied the request.
The record shows Thorpe was previously accused of heroin possession but was not convicted. We assume the prosecutor's inquiry was innocent, resulting from an excusable misreading of a rap sheet or other information at hand. But, after the prosecutor phrased his interrogation to suggest as facts a conviction and sentence for heroin possession, there was no excuse for his standing silent when he realized the truth. This prosecutor chose to let the known false inference remain with the jury. The implication that Thorpe had been convicted of possession of heroin was prejudicial in that Thorpe, when arrested, had several hundred dollars in cash on his person. He said the *554 money was the day's receipts at the gas station where he worked and was the apparent object of the attempted robbery. The prosecutor dealt with that testimony in this fashion:
Q. So you just walk around this intersection of Davis and West State Street with over $800.00 in your pocket?
A. That sounds strange for a black man to have $800.00.
Q. No, it's not.
A. That's a business 
Q. Just answer my question, okay?
.....
Q. Now, Mr. Thorpe, how in God's name does this mysterious man in maroon know you have over $800.00 in your pocket?
A. I don't know. I guess he know like the rest of them who robbed us.
Q. Just answer my question.
During its deliberation the jury returned to inquire of the court whether Thorpe's possession of $800 when arrested gave rise to a "presumption" or bore on "calling him guilty or not guilty." The court properly advised the jury that "the Jury can consider that any way they want to. There is no presumption one way or the other."
In summary: The jury was concerned with Thorpe's explanation of his possession of $800 in cash. The prosecutor, without justification, had insinuated that Thorpe was previously convicted of heroin possession. The prosecutor could not prove the truth of his accusation and made no move to correct the damning inference that Thorpe was a large-scale buyer or seller of heroin. Whether Thorpe was in fact a drug dealer, as indicated by information in a pre-sentence report, is not relevant to the inquiry. We are persuaded that the court should have taken corrective measures, as requested, when the prosecutor did not:
"The State prosecutor has an affirmative duty to correct what he knows to be false and to elicit the truth... . When ... it appeared that the prosecuting attorney did not intend to make a clear revelation ..., the trial court should have done so." Lee v. State, 324 So.2d 694, 697, 698 (Fla. 1st DCA 1976).
This Court held, in State v. Young, 283 So.2d 58 (Fla. 1st DCA 1973), that it was not improper or at least not harmful error for the prosecutor to "refresh the defendant's memory" of the number of his prior convictions, when that was in issue, by inquiring whether the witness "remembers" his convictions for named offenses on certain dates. In Young such a procedure was characterized as at most a "technical error" in a prosecution on "abundant" evidence. 283 So.2d at 60. There are, of course, less damaging ways to refresh a witness' recollection of prior convictions, as by silently handing him a list of them or inquiring if he was convicted on one date and again on another date. We do not require adherence to the less damaging methods of impeachment, for a witness who is not prepared to state accurately the number of his prior convictions invites inquiry in any form reasonably calculated to call his attention to the facts. But the prosecutor who so cross-examines should be prepared to prove the facts concerning prior convictions. Houston v. State, 337 So.2d 852 (Fla. 1st DCA 1976). And when the prosecutor frames his questions to suggest as a fact that the accused was previously convicted of a certain offense, and the inference is false, the trial court must at least emphatically charge the jury to dispel the inference. Other remedies may be necessary if a corrective instruction is ineffective or if a prosecutor knowingly or recklessly plants a false inference.
There must be another trial.
REVERSED.
RAWLS, Acting C.J., and ERVIN, J., concur.