351 So.2d 762 (1977)
Dennis R. NEVELS, Appellant,
v.
STATE of Florida, Appellee.
No. FF-79.
District Court of Appeal of Florida, First District.
November 10, 1977.
*763 Michael J. Minerva, Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and A.S. Johnston, Asst. Atty. Gen., for appellee.
MELVIN, Judge.
Appellant-defendant seeks reversal of a judgment and sentence imposed upon him for the crime of murder in the second degree.
Appellant urges reversible error for: 1) alleged improper remarks by the state attorney, and 2) alleged error that is said to flow from the testimony of a police captain to the effect that when appellant was advised of his Miranda rights and asked if he wished to make a statement, "... he told me, no, he didn't wish to talk to me." We discuss these in the order presented.
It was error for the state attorney, in his opening remarks, to call the jurors' attention to the fact that the deceased was married and had a 13-year-old daughter. This error, however, was rendered harmless by the prompt admonition and charge to the jury by the trial judge in sustaining the objection of defense counsel.
It is error of unconstitutional proportion for the state to present testimony that, when the defendant had been advised of his Miranda rights, he claimed the benefit of such rights and refused to answer questions, or to make a statement. See Bennett v. State, 316 So.2d 41 (Fla. 1975); Martin v. State, 334 So.2d 841 (Fla. 4th DCA 1976); and Shannon v. State, 335 So.2d 5 (Fla. 1976). Under the facts of this case, however, the statement of the officer was rendered harmless by a "blurted out" statement of the defendant to his girlfriend. The record reveals that a few minutes after his interview by the officer, the defendant met his girlfriend in a nearby office and voluntarily stated to her: "I killed the son of a bitch and I would do it again if I had to." It is our view that defendant's voluntary statement, unrelated in point of time to his saying to the officer he did not wish to make a statement, rendered any error in the trial court's ruling to be harmless.
The evidence established overwhelmingly the guilt of the defendant. There is no reasonable possibility that the officer's statement complained of might have contributed to the conviction, Bennett v. State, supra, at 44.
In State v. Young, 283 So.2d 58, 60 (Fla. 1st DCA 1973), this Court held:
"In any prosecution there are, of course, two parties involved; the State of Florida as the plaintiff and the person accused of crime as the defendant. They each stand before the Bar of Justice upon level ground. The defendant is entitled to a fair and an impartial trial. By the same token, the State of Florida, representing its citizenry, is likewise entitled to a fair and impartial trial. Neither the State of Florida nor any defendant may, within reason, expect to receive a perfect trial in any tribunal in which mortals preside. In nearly every adversary proceedings, some technical error may be found. Unless *764 error reaches to and affects in a prejudicial manner the rights of a party to a fair and impartial trial, such error is harmless and does not infect the validity of the proceedings.
"One of the stated purposes of those who put together the fabric of the Constitution of the United States was to `establish justice' and insure `domestic tranquility'. [Emphasis supplied.] Such noble purposes were not reserved just to those accused of crime. They spread as a mantle of protection for the citizenry in general."
The appellant having failed to demonstrate reversible error, the judgment and sentence are
AFFIRMED.
McCORD, C.J., and BOYER, J., concur.