PER CURIAM.
Appellant was charged with both possession and sale of a controlled substance (heroin). He was convicted by a jury of possession only. By this appeal, appellant contends that the trial court committed reversible error when it admitted into evidence marked money allegedly paid for heroin purchased from him by an undercover policeman, since that evidence was illegally seized.
Even assuming, arguendo, that the challenged evidence should have been excluded, a point we do not reach, we find that any error in its admission was harmless for two reasons. First, its primary relevance was to the charge of sale, a charge of which appellant was acquitted. Second, even if such evidence might have tended to reinforce the jury’s belief in his guilt on the charge of possession, there was overwhelming, competent and unchallenged evidence of possession before the jury so that admission of the contested evidence was harmless beyond any reasonable doubt. See Milton v. Wainwright, 407 U.S. 371, 92 S.Ct. 2174, 33 L.Ed.2d 1 (1972); State v. Young, 283 So.2d 58 (Fla. 1st DCA 1973); Nevels v. State, 351 So.2d 762 (Fla.1st DCA 1977).
Affirmed.