McCORD, Chief Judge.
This is an interlocutory appeal brought by the state from an order granting appel-lee’s motion to dismiss an information charging him with burglary of a structure. The ground for dismissal was double jeopardy. We affirm.
During appellee’s trial for burglary of a structure, the prosecutor, referring to the period immediately following the arrest, asked the arresting officer,
“Did he (appellee) make any statements to you? Did you attempt to question him at all?”
The officer answered,
“We advised him of his rights and he made no statements.”
At that point, defense counsel objected and the jury was excused from the courtroom. Defense counsel argued her objection contending that the answer of the officer was a comment upon defendant’s exercise of his Fifth Amendment privilege against self-incrimination. The trial court found that the prosecutor’s question was not prosecutorial misconduct because the answer given by the officer was not expected. We agree. The prosecutor had explained that the purpose of her question was to bring out that defendant had given the officer a false name. The court then offered to give a curative instruction to the jury, which defense counsel refused contending that the error could not be cured. The court called a recess and instructed counsel to research the law. Following the recess, the prosecuting attorney admitted error and stated that she would stipulate to the propriety of a mistrial being granted. The record does not show that defense counsel said anything at this point. The court then said:
“I think we are constrained to do it, because they are simply going to reverse it. So let the record reflect that as mandated by the Supreme Court of the United States of America as to adverse comment concerning a defendant’s lack of response or making no statements or testifying, et cetera, et cetera, et cetera, that in view of that, the Court is constrained and is joined in by the State with the Defense to declare a mistrial. And a mistrial is hereby declared.” (Emphasis supplied.)
Appellee, in support of the trial court’s dismissal of the information on grounds of double jeopardy now contends that the error upon which the trial court granted a mistrial was not fundamental error, and, therefore, a further trial on the same charge constitutes double jeopardy. In United States v. Jorn, 400 U.S. 470, 91 S.Ct. 547, 27 L.Ed.2d 543 (1971), the United States Supreme Court stated as follows on this subject:
“Certainly it is clear beyond question that the Double Jeopardy Clause does not guarantee a defendant that the Government will be prepared, in all circumstances, to vindicate the social interest in law enforcement through the vehicle of a single proceeding for a given offense. Thus, for example, reprosecution for the same offense is permitted where the defendant wins a reversal on appeal of a conviction. United States v. Ball, 163 U.S. 662, 16 S.Ct. 1192, 41 L.Ed. 300 (1896); See Green v. United States, 355 U.S. 184, 189, 78 S.Ct. 221, 224, 2 L.Ed.2d 199, 205 [61 A.L.R.2d 1119] (1957). The determination to allow reprosecution in these circumstances reflects the judgment that the defendant’s double jeopardy interests, however defined, do not go so far as to *95 compel society to so mobilize its decision making resources that it will be prepared to assure the defendant a single proceeding free from harmful governmental or judicial error. But it is also clear that recognition that the defendant can be reprosecuted for the same offense after successful appeal does not compel the conclusion that double jeopardy policies are confined to prevention of prosecutorial or judicial overreaching. For the crucial difference between reprosecution after appeal by the defendant and reprose-cution after a sua sponte judicial mistrial declaration is that in the first situation the defendant has not been deprived of his option to go to the first jury, and, perhaps, end the dispute then and there with an acquittal. On the other hand, where the judge, acting without the defendant’s consent, aborts the proceeding, the defendant has been deprived of his ‘valued right to have his trial completed by a particular tribunal.’ See Wade v. Hunter, 336 U.S. 684, at 689, 69 S.Ct. 834, 93 L.Ed. 974, at 978.
If that right to go to a particular tribunal is valued, it is because, independent of the threat of bad-faith conduct by judge or prosecutor, the defendant has a significant interest in the decision whether or not to take the case from the jury when circumstances occur which might be thought to warrant a declaration of mistrial. Thus, where circumstances develop not attributable to prosecutorial or judicial overreaching, a motion by the defendant for mistrial is ordinarily assumed to remove any barrier to reprosecution, even if the defendant’s motion is necessitated by prosecutorial or judicial error. In the absence of such a motion, the Perez doctrine of manifest necessity stands as a command to trial judges not to foreclose the defendant’s option until a scrupulous exercise of judicial discretion leads to the conclusion that the ends of public justice would not be served by a continuation of the proceedings. See United States v. Perez, 9 Wheat. [579,] at 580 [6 L.Ed. 165, at 166].” (Emphasis supplied by this court.)
In the case sub judice, appellee neither moved for a mistrial nor consented to a mistrial. His silence in the face of the statements of the state and those of the trial judge in granting the mistrial cannot be construed as consent. See State v. Grayson, 90 So.2d 710 (Fla.1956). Thus, the remaining question for determination is whether or not there was a manifest necessity that the trial judge grant a mistrial or that the ends of public justice would otherwise be defeated if a mistrial were not granted. United States v. Perez, 9 Wheat. 579, 6 L.Ed. 165; United States v. Jorn, supra. Neither of these circumstances was present upon the trial judge’s declaration of a mistrial here. The error was not fundamental; it was not one which invariably requires reversal. See our opinion in Gillian v. State, Case No. FF-59, opinion filed August 18, 1977, (ruling on petition for rehearing stayed pending the Supreme Court of Florida’s ruling in Clark v. State) 363 So.2d 331; Nevels v. State, 351 So.2d 762 (Fla. 1 DCA 1977); our opinion in Reynolds v. State, Case No. GG-128, opinion filed January 31, 1978, (mandate stayed pending disposition by Supreme Court in Clark v. State and State v. Bostic, 363 So.2d 331). This point is now solidified by the Supreme Court’s opinion in Clark v. State and State v. Bostic, opinion filed July 28, 1978, wherein that court said as follows:
“When there is an improper comment, the defendant, if he is offended, has the obligation to object and to request a mistrial. If the defendant does not want a mistrial, he may waive his objection. The trial may then proceed, but he may not again raise the objection as a point on appeal. If the defendant fails to object or if, after having objected, he does not ask for a mistrial, his silence will be considered an implied waiver. Cf. Spenkelink v. State, 350 So.2d 85 (Fla.1977), cert. den., 434 U.S. 960, 98 S.Ct. 492, 54 L.Ed.2d 320 (1977). The important consideration is that the defendant retain primary control over the course to be followed in the event of such error. United States v. Dinitz, 424 U.S. 600, 96 S.Ct. 1075, 47 L.Ed.2d 267 (1976).”
*96 The trial judge was correct in ruling that his declaration of a mistrial barred further prosecution of appellant for the crime charged.
AFFIRMED.
BOYER, J., and MASON, ERNEST E., Associate Judge, concur.