OTT, Judge.
Appellee was charged with attempted first-degree murder. Following appellee’s conviction of attempted second-degree murder, the trial court granted his motion for a new trial. We reverse.
In the trial judge’s charge to the jury, he instructed on the definitions of attempted first-degree murder, lesser included offenses, and on the justifiable use of force and excusable homicide. During their deliberation, the jury returned and requested the trial judge to repeat the definitions of aggravated assault, attempted manslaughter, and self-defense. With the agreement of both the state and appellee, the instructions on aggravated assault, attempted manslaughter, self-defense and justifiable use of deadly force were repeated. After further deliberation, the jury again returned and requested to be instructed on only the definition of second-degree murder. Appellee thereupon requested the trial judge to repeat the instruction on self-defense, but the state objected that such a gratuitous instruction by the judge would be given undue significance by the jury. The trial judge refused Kurns’ request and only instructed the jury on second-degree murder.
The jury convicted appellee of attempted second-degree murder. He thereafter moved for a new trial on two grounds: that the trial court should have reinstructed the jury on self-defense pursuant to his request at the trial and on the ground of newly discovered evidence.
We first consider the trial court’s denial of Kurns’ request for a second instruction on self-defense. In Henry v. State, 359 So.2d 864 (Fla.1978), the supreme court stated that where a specific instruction is requested by the jury, and it is suggested by the request that the jury has decided the act was an unlawful homicide, no instruction need be given on lawful homicide. In the present case, two prior instructions on self-defense had been given. At the time of the jury’s second request for additional instructions, they had narrowed their request specifically to second-degree murder. Thus, it seems clear that the jury had determined that Kurns’ actions were unlawful. There was, therefore, no error in refusing an additional instruction on self-defense. Such an instruction would only cause the jury to question its current position or suggest to them that the judge considered ap-pellee’s actions justified.
Appellee also argued that he had recently discovered new legal authority to support the introduction of the testimony of a psychiatrist he had listed as a possible witness prior to trial. Thus, Kurns had not discovered new and material evidence as contemplated by rule 3.600(3), Florida Rules of Criminal Procedure, rather, he had, post-trial, discovered additional case law supporting the introduction of known evidence. Newly discovered case law does not constitute newly discovered material evidence capable of changing the result of the trial. We note that no review was sought of the action, if any, of the trial judge excluding the testimony in question.
Finding no basis for granting the new trial, we reverse and vacate the order and reinstate appellee’s conviction for attempted second-degree murder.
SCHEB, C. J., and BOARDMAN, J., concur.