414 So.2d 7 (1982)
Vernon Lee SMITH, Appellant,
v.
The STATE of Florida, Appellee.
No. 81-1026.
District Court of Appeal of Florida, Third District.
April 20, 1982.
Rehearing Denied June 9, 1982.
Bennett H. Brummer, Public Defender, and Rory S. Stein, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Paul Mendelson, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, DANIEL S. PEARSON and FERGUSON, JJ.
DANIEL S. PEARSON, Judge.
The difference between a prosecutor's questions to a defense witness which insinuate impeaching facts, the proof of which is nonexistent, so clearly impermissible, see Dukes v. State, 356 So.2d 873 (Fla. 4th DCA 1978); Thorpe v. State, 350 So.2d 552 (Fla. 1st DCA 1977); Marsh v. State, 202 So.2d 222 (Fla. 3d DCA 1967), and questions, such as those asked below, insinuating impeaching facts which, although said to exist, are not later proved, is one of degree only, and either interrogation, because not followed by actual impeachment, is condemnable. However, since Smith's sole objection to the prosecutor's "didn't-you-say-to-me-in-a-pre-trial-interview" line of questioning was that the witness could not be impeached by an unrecorded oral statement not witnessed by a third party, an objection devoid of merit, see Mungin v. State, 109 Fla. 310, 147 So. 577 (1933); Stewart v. State, 42 Fla. 591, 28 So. 815 (1900); Mahone v. State, 222 So.2d 769 (Fla. 3d DCA 1969); and since, more importantly, Smith failed to later move for a mistrial, or register any complaint, when no impeaching testimony by the prosecutor was forthcoming,[1] the error was waived.
Affirmed.
NOTES
[1] The prosecutor informed the court that the witness had previously told him that she was with the defendant at a movie on a Tuesday, the crime having been committed on a Wednesday. He stated that her trial testimony that she was with the defendant at a movie on Wednesday was unexpected. Under these circumstances, it cannot be said that the prosecutor could have anticipated he would be a witness in the case and that he was remiss in undertaking the prosecution. See Fla.Bar Code Prof.Resp. D.R. 5-102(A); compare Fla.Bar Code Prof.Resp. EC5-9 with EC5-10. Nor was he remiss in questioning the witness as to her prior interview statement, since, as he correctly noted, the witness might admit the prior inconsistency, obviating any need for impeachment through him. He was, however, remiss in not testifying to the witness's statements and subjecting himself to cross-examination and in not anticipating the possibility that the witness might change her story and allowing himself to become the sole person who could contradict the witness.