423 So.2d 594 (1982)
Alan Mark LEONARD, Appellant,
v.
The STATE of Florida, Appellee.
No. 80-2411.
District Court of Appeal of Florida, Third District.
December 21, 1982.
*595 Bennett H. Brummer, Public Defender and Karen M. Gottlieb, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen. and Diane Leeds, Asst. Atty. Gen., for appellee.
Before BARKDULL and PEARSON, DANIEL S. and JORGENSON, JJ.
PER CURIAM.
Appellant appeals his convictions and sentences following a jury trial, which found him guilty of conspiracy to commit robbery with a firearm, attempted robbery with a firearm and second degree felony murder.
He was sentenced to 15 years imprisonment for conspiracy to commit robbery, concurrently with two 40 year terms for attempt to commit robbery and second degree murder. This appeal followed.
We find no merit in this appeal and the points urged for reversal, save and except one which relates to a double jeopardy sentence.
As to the alleged error in cross-examination, see Leonard v. State, 386 So.2d 51 (Fla. 2d DCA 1980); Thorpe v. State, 350 So.2d 552 (Fla. 1st DCA 1977); State v. Young, 283 So.2d 58 (Fla. 1st DCA 1973).
As to the alleged error in regard to certain hearsay testimony, first, no objection was made to part of it and no motion to strike was made, therefore the error has not been preserved. Jalbert v. State, 95 So.2d 589 (Fla. 1957); McRae v. State, 383 So.2d 289 (Fla. 2d DCA 1980).
As to the remainder, it at best was harmless. Ballard v. State, 323 So.2d 297 (Fla. 3d DCA 1975); Russell v. State, 270 So.2d 462 (Fla. 3d DCA 1972); Wells v. State, 256 So.2d 580 (Fla. 3d DCA 1972); Section 924.33 Florida Statutes (1975).
There is no error found in the original instructions as given and no objection was made. State v. Lowery, 419 So.2d 621 (Fla. 1982).
No error has been demonstrated in the court, upon a request from the jury for a reinstruction in regard to the degrees of homicide, by giving to the jury written instructions citing the different degrees of homicide, notwithstanding the provisions of Florida Rules of Criminal Procedure. It was apparent from the jury's question that they had resolved the issue of guilt adversely to the defendant and were only interested in reinstruction as to what degree of homicide the defendant had committed. Henry v. State, 359 So.2d 864 (Fla. 1978); State v. Kurns, 397 So.2d 463 (Fla. 2d DCA 1981). Further the trial court gave defense counsel every opportunity to object to the procedure followed and he declined the opportunity to make any objections and therefore we find it waived.
Wherefore the convictions, adjudications and sentences are affirmed except the sentence for attempted robbery with a firearm, which is stricken.
*596 Therefore the actions of the trial court hereunder review, except as modified as above, are affirmed.
Affirmed.