WARNER, J.
Appellant, Dennis Shimko, appeals his conviction for indecent assault of his two step-granddaughters. We reverse the conviction because the trial court erred in permitting the state to insinuate impeaching facts in the questioning of a defense *342 witness without having evidence of those facts. As the entire case was a credibility-contest between the victims and Shimko, the error was not harmless.
Shimko was charged with multiple counts of indecent assault of his step-granddaughters. During a period of their childhood, the granddaughters lived with their mother, grandmother, and Shimko, their step-grandfather. At the time, the children were four and six years old.
About ten years later, one of the daughters told her high school friend that Shim-ko had inappropriately touched her and her sister when they were little. The mother of the friend told the girls’ mother who reported it to the police.
The girls both testified at trial to multiple incidents, occurring over several years, of Shimko inappropriately touching their genitals and breasts. The older daughter remembers one occasion when Shimko digitally penetrated her vagina. The only evidence of the crime was the statements of the children. No physical evidence, confessions, or other corroborating details were present.
Credibility of the witnesses was the only issue at trial. Either the girls, or Shimko, who testified to his innocence, were telling the truth. To impeach the girls’ testimony, the defense put on witnesses who testified as to the girls’ bad reputation for truth and veracity, and to the fact that they made false allegations of sexual misconduct against others.
One witness was the assistant principal at the high school the girls attended. He was accused by the older girl of opening her jacket and looking at her breasts. He testified that when a complaint is made against a school employee, the complaint must be “immediately referred to the principal who immediately refers it to the school board’s Special Investigative Unit for investigation.” He was questioned by a school board investigator and the allegation was determined to be unfounded.
On cross-examination, the state elicited testimony from the assistant principal that the investigation of complaints may be conducted within the school or by the school board. The witness testified that his investigation was conducted by the school board. The following colloquy took place:
State: Have you ever heard of the name Ruth Goldstein?
Witness: Never, never.
State: Okay. Do you know anybody that works over in the office of the Professional Standards Administrative Office, the Special Investigative Unit?
Witness: Sure, I know several people.
State: Would it surprise you to know that they have absolutely no record of this—
Defense: Objection, hearsay.
State: Would it surprise you to know that they have absolutely no record of the investigation?
Defense: Objection, hearsay, your Hon- or.
Court: Overruled.
Defense: And calling in a question to something that’s not testified to.
State: I’m asking him if he knows.
Court: Overruled.
State: Would it surprise you to know [that] fact? ... Would it surprise you to know that the School Board Office, the Office of Professional Standards and the Special Investigative Unit have absolutely no record of this investigation? Defense: Your Honor, I’m going to object, because I believe that Counsel is testifying.
Court: Overruled.
Defense: And this is not in evidence. Unless they have some documentation to *343 show that. Could we approach, your Honor.
Court: Overruled, not this time.
After establishing that the school principal and the assistant principal have a friendly relationship, the state suggested through questions that the principal would have an interest in doing an in-house investigation of the charges against the assistant principal. The assistant principal testified that allegations of sexual misconduct are generally investigated by the school board.
During closing argument, the prosecutor actually quoted the objected to questions again regarding whether the assistant principal would be surprised to know that the school board had no record of the investigation. He then proceeded to suggest to the jury that the witness’s statement that he was investigated by the school board was inconsistent with his testimony that some allegations were investigated by the school itself. The prosecutor said the witness’s credibility was in question because of this discrepancy. He asserted that the fact that a finding that the allegations were unfounded did not mean that they were untrue. The prosecutor spent a considerable amount of time in closing dealing with the assistant principal’s testimony. The jury convicted Shim-ko, and he appeals.
It is impermissible for the state to insinuate impeaching facts while questioning a defense witness without evidence to back up those facts. See Smith v. State, 414 So.2d 7, 7 (Fla. 3d DCA 1982). Although this rule has most often been applied when the state seeks to impeach a witness by questioning him about criminal convictions even though the state does not have proof of the convictions, see, e.g., Dukes v. State, 356 So.2d 873 (Fla. 4th DCA 1978); Thorpe v. State, 350 So.2d 552 (Fla. 1st DCA 1977), its application has not been limited to this context. See Marsh v. State, 202 So.2d 222 (Fla. 3d DCA 1967) (ordering new trial where state asked defendant on cross-examination whether it was true that he bragged to a barmaid about his plans to break into a building in order to steal a safe and then failed to present testimony of barmaid to this effect). In this case, the state did not present evidence at trial that the school board had no record of any investigation of the allegation against the assistant principal. Therefore, it was error for the trial court to overrule Shimko’s objection to the state’s question.
The state counters that Shimko opened the door to the complained of question by having the assistant principal testify that there was an investigation. As Shimko counters in reply, his questioning of the witness as to the investigation did not “open the door” to the state to insinuate incriminating facts without supporting evidence. The state could have called a representative of the school board to testify that no record of any such investigation existed. The prosecutor could not simply tell the jury that “fact” through his questioning.
We do not deem this to be harmless error. The credibility of the accusers was central to the entire case. Whether the accusers made false allegations against others was a key part of the defense. Through the insinuation of this impeaching evidence, the prosecutor deflated the credibility of the defense witness, using this same insinuating statement in closing argument to attack the witness’s credibility.
The conviction and sentence are reversed. The case is remanded for a new trial.
KLEIN and GROSS, JJ., concur.