911 So.2d 188 (2005)
CLEAR CHANNEL COMMUNICATIONS, INC., and Fane Lozman, Petitioners,
v.
CITY OF NORTH BAY VILLAGE, a municipal corporation, and Casa Marina Development, LLC, Respondents.
No. 3D05-1664.
District Court of Appeal of Florida, Third District.
September 14, 2005.
*189 Duke Mullin & Galloway, P.A., and Amy J. Galloway, Fort Lauderdale, and Salvatore H. Fasulo, for petitioners.
Buchbinder & Elegant, P.A., and Ira M. Elegant, and E. Phillip Green, Miami; Rosen & Switkes P.L. and Robert L. Switkes, Miami Beach; Greenberg Traurig, LLP and Elliot H. Scherker, Miami; Gunster Yoakley & Stewart, P.A. and William S. Spencer, Fort Lauderdale; for respondents.
Before WELLS, SUAREZ, and CORTIÑAS, JJ.
CORTIÑAS, Judge.
Petitioners, Clear Channel Communications, Inc. and Fane Lozman, seek a writ of certiorari to quash the circuit court's June 15, 2005 opinion, which held that petitioners failed to preserve their legal challenges for appellate review and found that there was no departure from the essential requirements of the law as the record was replete with competent substantial evidence to support the City of North Bay Village's ("city") resolution. We deny the petition.
On second-tier certiorari review, our review is limited to whether the circuit court afforded procedural due process and applied the correct law. Miami-Dade County v. Omnipoint Holdings, Inc., 863 So.2d 195 (Fla.2003)(citing Broward County v. G.B.V. Int'l, Ltd., 787 So.2d 838 (Fla. 2001)).
Petitioners contend that the circuit court misapplied the law in holding that petitioners failed to preserve legal challenges for appellate review by not filing proper objections before the city commission. Specifically, petitioners contend that their questioning of a witness during a city commission hearing was sufficient to preserve purported legal errors for appeal. We find that the circuit court did not misapply the law in holding that the questioning of a witness was insufficient to preserve an issue for appellate review.
Appellate review is confined to issues decided adversely to appellant's position, *190 or issues that were preserved with a sufficiently specific objection below. Ferguson v. State, 417 So.2d 639, 642 (Fla.1982)(holding that objections must be made with sufficient specificity to apprise the trial court of the potential error and to preserve the point for appellate review; general objections are insufficient); State v. Barber, 301 So.2d 7, 9 (Fla.1974)(holding that "[a]n appellate court must confine itself to a review of only those questions which were before the trial court and upon which a ruling adverse to the appealing party was made"); Leonard v. State, 423 So.2d 594 (Fla. 3d DCA 1982); Moore v. State, 418 So.2d 435 (Fla. 3d DCA 1982); Snead v. State, 415 So.2d 887 (Fla. 5th DCA 1982). The purpose for requiring a contemporaneous objection is to put the trial judge on notice of a possible error, to afford an opportunity to correct the error early in the proceedings, and to prevent a litigant from not challenging an error so that he or she may later use it for tactical advantage. Fittipaldi USA, Inc. v. Castroneves, 905 So.2d 182 (Fla. 3d DCA 2005); Crumbley v. State, 876 So.2d 599 (Fla. 5th DCA 2004); Fincke v. Peeples, 476 So.2d 1319, 1322 (Fla. 4th DCA 1985).
Petitioners next contend that the record evidence shows that the city's decision to approve its resolution was not based upon competent substantial evidence. In its appellate capacity, the circuit court disagreed with petitioners and held that the city commission's approval was based upon competent substantial evidence. Because petitioners were afforded procedural due process and the circuit court applied the correct law, we find no basis upon which to disturb the circuit court's opinion.
Accordingly, the petition is denied.