917 So.2d 907 (2005)
Joseph A. FERRARA, Petitioner,
v.
COMMUNITY DEVELOPERS, LTD., Rental Service Company, and Lamonica V. Gray, Respondents.
No. 3D05-1977.
District Court of Appeal of Florida, Third District.
November 30, 2005.
Rehearing Denied January 12, 2006.
*908 Arthur J. Morburger, for petitioner.
Paul J. McMahon and Elizabeth W. Joyce, for respondents Community Developers, Ltd. and Rental Service Company.
Lamonica V. Gray, in proper person.
Before GREEN, CORTIÑAS, and ROTHENBERG, JJ.
ROTHENBERG, Judge.
Joseph Ferrara (Ferrara) has filed a petition for writ of certiorari seeking to quash a per curiam affirmance by the Circuit Court of the Eleventh Judicial Circuit of Florida, acting in its appellate capacity, which affirmed a county court's entry of attorney's fees pursuant to section 57.105, Florida Statutes (2004).
Ferrara is an attorney who represented a defendant against a suit seeking damages for her wrongful cashing of a check. The trial court required both Ferrara and his client to pay fifty percent of the attorney's fees incurred by the plaintiff, Community Developers, based upon its finding that Ferrara, after learning that the defendant's version of the facts was false, allowed the defendant to testify falsely, and argued the false version of the facts to the court.
The scope of our review on second-tier certiorari is limited to whether the circuit court afforded procedural due process and applied the correct law, or in other words, whether the lower court departed from the essential requirements of the law. Miami-Dade County v. Omnipoint Holdings, Inc., 863 So.2d 195, 199 (Fla.2003); Clear Channel Communications, Inc. v. City of North Bay Village, 911 So.2d 188 (Fla. 3d DCA 2005).
Ferrara argues that the circuit court departed from the essential requirements of the law by affirming the imposition of section 57.105 attorney's fees as *909 they were entered in violation of section 57.105(4), the "safe harbor" provision of the statute. This provision requires that a party moving for attorney's fees under section 57.105 must serve the nonmoving party with the motion twenty-one days before filing the motion with the court. However, Ferrara failed to make this argument in the trial court. In fact, Ferrara failed to respond to the motion for section 57.105 fees, and failed to attend the hearing on attorney's fees.
Ferrara's failure to argue to the trial court that Community Developers did not comply with 57.105(4), and his failure to respond to the motion for attorney's fees, precluded the Eleventh Judicial Circuit Court, sitting in its appellate capacity, from considering his argument on appeal. See Department of Revenue v. Yambert, 883 So.2d 881, 884 n. 3 (Fla. 5th DCA 2004)(finding that the argument that the moving party failed to comply with the safe harbor provision of section 57.105 was waived for the purposes of appellate review because it was not raised to the trial court); Homestead Ins. Co. v. Poole, Masters & Goldstein, C.P.A., 604 So.2d 825 (Fla. 4th DCA 1991)(finding that various arguments made on appeal against section 57.105 attorney's fees were not properly preserved because the party against whom the fees were assessed never responded to the motion for fees). Therefore, we conclude that the circuit court did not depart from the essential requirements of the law in affirming the trial court's imposition of attorney's fees. Thus, we deny the petition for writ of certiorari.
Petition denied.
GREEN, J. (concurring).
I concur in the result only based upon Miami-Dade County v. Omnipoint Holdings, Inc., 863 So.2d 195 (Fla.2003); Clear Channel Communications, Inc. v. City of North Bay Village, 911 So.2d 188 (Fla. 3d DCA 2005).