NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

SOVEREIGN HEALTHCARE OF          )
TAMPA, LLC; SOUTHERN             )
HEALTHCARE MANAGEMENT, LLC;      )
and VICTOR J. PIPERATA, II,      )
                                 )
          Appellants,            )
                                 )
v.                               )          Case No. 2D15-2969
                                 )
THE ESTATE OF OTTO N. SCHMITT,   )
by and through JANICE R. SCHMITT,)
Personal Representative,         )
                                 )
          Appellee.              )
_____)

Opinion filed July 1, 2016.

Appeal pursuant to Fla. R. App. P.
9.130 from the Circuit Court for
Hillsborough County; Robert A. Foster, Jr.,
Judge.

Thomas A. Valdez of Quintairos, Prieto,
Wood & Boyer, P.A., Tampa, for Appellants.

Isaac R. Ruiz-Carus, Megan L. Gisclar and
Andrea E. Nieto of Wilkes & McHugh, P.A.,
Tampa, for Appellee.


WALLACE, Judge.

Sovereign Healthcare of Tampa, LLC; Southern Healthcare Management,

LLC; and Victor Piperata, II (the Appellants), challenge a nonfinal order denying their

motion to compel arbitration and to stay the underlying nursing home negligence action brought against them by Janice R. Schmitt, as Personal Representative of the Estate of Otto N. Schmitt, deceased.[1]  Mrs. Schmitt is the widow of Mr. Schmitt.  Her claims against the Appellants arise out of Mr. Schmitt's two residencies at Bayshore Pointe Nursing & Rehabilitation Center from February 1, 2013, to March 6, 2013, and from September 25, 2013, to October 18, 2013.  With regard to Mr. Schmitt's initial residency, the Appellants' arbitration motion was based on an arbitration provision included in a Resident Admission and Financial Agreement dated February 7, 2013.  With regard to the second residency, the Appellants' arbitration motion was based on an identical arbitration provision included in a Resident Admission and Financial Agreement dated September 26, 2013.

We affirm the circuit court's order with regard to the agreement dated February 7, 2013, because Mr. Schmitt did not sign it and the evidence established that Mrs. Schmitt was not authorized to sign that agreement on her husband's behalf. Accordingly, the arbitration provision in the initial agreement is unenforceable against Mr. Schmitt's estate.  Cf. Sovereign Healthcare of Tampa, LLC v. Estate of Yarawsky, ex rel. Yarawsky, 150 So. 3d 873, 877-78 (Fla. 2d DCA 2014) (holding that an arbitration provision included in a resident admission and financial agreement was not enforceable against the resident's estate where the resident did not sign the agreement and the resident's wife, who signed the agreement only in her capacity as the

---

[1]We have jurisdiction in accordance with Florida Rule of Appellate Procedure 9.130(a)(3)(C)(iv).

responsible party, did not have the authority to sign the agreement on her husband's behalf).

The circuit court reserved ruling and expressly declined to decide the issue of whether Mr. Schmitt's estate was bound to arbitrate under the arbitration provision in the agreement dated September 26, 2013. Because the question of the Appellants' right to enforce the arbitration provision in the second agreement has not been decided adversely to them, we do not address this issue. See Clear Channel Commc'ns, Inc. v. City of N. Bay Vill., 911 So. 2d 188, 189 (Fla. 3d DCA 2005) ("Appellate review is confined to issues decided adversely to appellant's position.").

Affirmed.


KELLY and MORRIS, JJ., Concur.